Curia.

We feel ourselves obliged, but reluctantly, to order a new trial in this case. Nothing but a spirit of litigation could have placed the cause in its present situation. The plaintiff might undoubtedly, at any time, have obtained the money from his son, to whom it was paid in his absence. We must, nevertheless, look to his legal rights, without regard to the spirit with which they are enforced.
According to the evidence reported, the note was not due when it was paid to the plaintiff’s son. He was expressly prohibited to receive payment in the absence of his father; and the defendant was informed of this, but, notwithstanding, persisted in his determination to pay, and persuaded the son to violate the orders of his father, in delivering him the note. He came unlawfully to the possession of it; for he had no right to it, until it became due. The promisee was entitled to interest, until the day agreed upon for payment. [ * 249 ] * If the jury could have found that the son had authority, or that the father afterwards assented, the case would have been clear. But the Court of Common Pleas did not limit them to these considerations, but instructed them, among other things, that if the defendant had reason to think that the plaintiff had given authority to his son, they might find for the defendant, whether such authority was proved or not. We cannot think this right. For if there was no authority, the defendant’s having occasion to think there was, unless the plaintiff gave those reasons, would not affect the plaintiff’s right.
The jury were also told, that slighter proof than common would answer to establish the point of authority. But we do not perceive *201 that any thing short of satisfactory proof would answer in this case, more than in any other. If a fact be essential, it must be proved by evidence, and not presumed without evidence, however desirable it might be to establish the fact.

New trial ordered