## STETSON & ·Co. vs. GOLDSMITH.

[ACTION TO RECOVER DAMAGES FOR SUING OUT OF ATTACHMENT.]

1. *Bill in chancery by wife not admissible evidence against husband.*—A bill in chancery, filed by the wife with the knowledge of her husband, against him and his attachment creditor, asserting an interest in a stock of goods which had been attached as the property of the husband, is not admissible evidence against the husband, in a suit subsequently instituted by him against the attaching creditor, to recover damages for the wrongful and malicious suing out of the attachment.
2. *Trespass by levy of void legal process.*—A party who procures a sheriff to levy an attachment which is void on its face, is a trespasser.
3. *Appearance no waiver of trespass.*—An appearance by the defendant, in an attachment suit, is not a waiver of a fatal defect in the writ, on account of the want of jurisdiction on the part of the officer by whom it was issued ; nor is it a bar to a subsequent action for damages against the attaching creditor.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. THOMAS A. WALKER.

THIS action was brought by Meyer Goldsmith against M. S. Stetson & Co., to recover damages for the wrongful and malicious suing out of an attachment; and was commenced on the 7th January, 1856. The defendant pleaded not guilty, in short by consent; and issue was joined on this plea. The facts disclosed on the trial are thus stated in the bill of exceptions :

"The defendants offered in evidence, in justification of the taking of the goods complained of, an attachment issued by the clerk of the city court of Mobile, on the 12th March, 1855, wherein said M. S. Stetson & Co. were plaintiffs, and M. Goldsmith defendant; together with the proceedings thereon. The affidavit, which was made by M. S. Stetson, alleged an indebtedness by said Goldsmith to said M. S. Stetson & Co. of $1,974 15, besides interest, and that he had moneys, property and effects, liable to satisfy his debts, which he fraudulently withheld. The levy was made on the 12th March, 1855. On the 17th March, an order was made by said city court, in pursuance of law, for their sale as perishable property, and the payment of the money into court to abide the event of the suit. The sale was subsequently made, the proceeds amounting to $2,404 57; and the net proceeds after deducting costs and charges, $2,262 67, was paid into court. By a subsequent order of court, $417 was deducted, to be paid to the landlord of the store in which the goods were found, for rent; leaving a balance of $1,845 67 in court to abide the event of the suit. It further appeared that, on the 15th day of May, 1855, judgment by *nil dicit* was regularly rendered against the defendant; that execution was issued thereon, on the 19th June following, returnable on the first Monday in October then next, and returned, on the 28th September, 'no property found.'

"The defendants proposed to read in evidence a bill in chancery, filed on the 4th April, 1855, in which Mrs. Sarah Goldsmith, wife of said M. Goldsmith, by Noah Higgins as her next friend, was complainant, and M. Goldsmith, M. S. Stetson & Co., James W. Lang, sheriff of Mobile county, and Reuben A. Lewis, clerk of the city court of Mobile, were defendants; claiming, in behalf of

Mrs. Goldsmith, that she had an interest in said stock of goods attached, to the extent of $2,000; and praying that that amount might be paid to her out of the proceeds of sale, and for an injunction against its being paid to said Stetson & Co. As preliminary to its introduction, defendants examined one Higgins as a witness, who testified, that he was one day passing plaintiff's store, and was called in, either by plaintiff or his wife; that he saw both of them; that Mrs. Goldsmith desired him to act as her next friend in filing the bill; that he agreed to do so, and was assured he would not have any costs to pay, and was to be indemnified against costs; that the bill was filed with plaintiff's knowledge, but witness did not recollect hearing him say any thing about the costs; and that said suit was now pending in the supreme court. The plaintiff objected to the reading of said bill in evidence, and the court sustained the objection; to which the defendants excepted.

"It was admitted, that there was no malice in the suing out of the attachment, or the taking of the goods.

"The court charged the jury, that the clerk of the city court had no authority to issue said attachment, and the proceedings upon it were illegal and void, and constituted no defense in this action. The defendants excepted to this charge, and asked the court to instruct the jury, that the appearance of the defendant in the attachment suit was a waiver of all prior defects, and made said attachment and the proceedings upon it a justification of the seizure of the goods, and a bar to this action. The court declined to give this charge, and the defendants excepted "

K. B. SEWALL, for the appellants.—1. The bill in chancery was admissible, as an admission by plaintiff against his own assertion of claim, and in mitigation of damages. 1 Greenl. Ev. § 212; 3 ib. § 262, and cases cited in notes. The plaintiff was directly connected with the institution of that suit—knew its object, and assented to it.—4 Ala. 225.

2. In this action, it is competent to show property in a third person, and that such third person is claiming the property against the defendant.—3 Pick. 126; 9 Pick. 551;

4 Blackf. 350 ; 1 Term R. 480 ; 24 Wendell, 379. If a bailee delivers goods to the true owner, this is a defense against an action by the bailor, having no title.—5 Taunton, 759 ; 13 Mass. 225 ; 4 Mass. 498. Where an agent has a right to sue in his own name, the principal may, generally, supersede that right by suing himself.—4 Camp. 194 ; 1 M. & S. 579 ; 5 Serg. & R. 28. Notice of the principal's rights, before payment to the agent, renders a third person liable to the principal.—6 Shep. 361 ; 3 Hill, 72. The rule is the same in torts.—17 Mass. 247, 560 ; 2 Hill, 319 ; 7 Mass. 324 ; 3 Pick. 495.

3. The defendant's appearance in the attachment suit, without objection, and saying nothing in bar of plaintiff's claim, was a waiver of all prior defects, and made that suit a bar to this action.—Burroughs v. Wright, 3 Ala. 43 ; Brooks v. Godwin, 8 Ala. 296 ; Rose v. Thompson, 17 Ala. 628 ; Brown v. Webber, 6 Cush. 570 ; State v. Richmond, 6 Foster, 243 ; Tripp v. DeBow, 5 Howard's Pr. R. 114 ; Dix v. Palmer, *ib*. 233 ; Webb v. Mott, 6 *ib*. 439. The proceedings of a court which has jurisdiction both of the parties and the subject-matter, though irregular, cannot become the foundation of an action until reversed or set aside. That trespass or tort may be waived, see Hill v. Davis, 3 N. H. 384 ; Lewis v. Dubose & Co., 29 Ala. 220 ; Parker v. Norton, 6 Term R. 695.

William Boyles, and Geo. Y. Overall, *contra.*—1. There was no error in the rejection of the bill in chancery as evidence.—Adams v. McMillan, 7 Porter, 73 ; Durden v. Cleveland, 4 Ala. 225 ; Phil. Ev., vol. 1, pp. 28–9 ; 2 Mar. (Ky.) R. 488 ; 2 Har. & J. 402 ; 4 Litt. 218 ; 2 Root, 331.

2. The proceedings in the attachment suit were void for want of jurisdiction.—Stevenson v. O'Hara, 27 Ala. 362. The process, being void, furnished no protection to the clerk who issued it, the sheriff who levied it, or the party who directed the levy.—Sasnett v. Weathers, 21 Ala. 673.

3. The appearance to the attachment, though a waiver of irregularities in the process, did not cure the want of

jurisdiction, nor waive the trespass.—Bealle v. Blake, 13 Geo. 217; Hair v. Moody, 9 Ala. 399; Stanley v. Bank of Mobile, 23 Ala. 652.

STONE, J.—It will be borne in mind, that no question is raised by this record on the admissibility of the declarations of Mrs. Goldsmith, made in the presence and hearing of her husband, the plaintiff. The bill of exceptions discloses that the defendants made preliminary proof of the wife's declarations, in the presence of her husband, to the effect that she claimed some interest in the goods which had been attached and sold. The defendants then offered to read in evidence a bill in chancery, filed by Mrs. Goldsmith, against these defendants, Mr. Goldsmith, and others. This bill was filed with the *knowledge* of the plaintiff, Goldsmith. The bill is not before us; and we can have no knowledge of its contents, further than is disclosed in the meager statement found in the bill of exceptions. The court, on the motion of the plaintiff, excluded this evidence; and the defendant excepted.

The general rule is, that a bill in chancery is not evidence against any person; not even against the complainant, when offered in another suit between the same parties.—Adams v. McMillan, 7 Porter, 73. Is there any thing in this case to take it out of the operation of the rule?

Mrs. Goldsmith and her husband, under the facts disclosed in this record, did not sustain towards each other the relation of either bailor and bailee, or principal and agent. Hence, the principle applicable to those relationships, even if enough were shown to bring the rules to bear, has no relevancy here.—See Kingman v. Pearce, 17 Mass. 247; Girard v. Taggart, 5 Serg. & Rawle, 19; 9 Bacon's Abridgment, by Bouvier, 457, Trespass, C.; Morris v. Cleasby, 1 Maule & Sel. 576; Kelly v. Munson, 7 Mass. 319; Sadler v. Leigh, 4 Camp. 195; Squire v. Hollenbeck, 9 Pick. 551; 2 Saund. 47 *d*; Anthony v. Gilbert, 4 Blackf. 348; Higgins v. Whitney, 24 Wend. 379; Hare v. Fuller, 7 Ala. 717.

If Mrs. Goldsmith had any interest in the goods, it was

as part owner, and not as bailor or principal. It is said that, in an action of trespass for taking and carrying away goods, if there be a non-joinder as plaintiff of a party interested in the goods, this furnishes matter for plea in abatement, or it may be taken advantage of *by way of apportionment of the damages on the trial.*—1 Chitty's Pleading, 65–6.

In this case, there was no plea in abatement. The only question, then, is, does the fact that Mr. Goldsmith knew the bill in chancery was filed, render that bill legal evidence, tending to establish the proposition that Mrs. Goldsmith was part owner of the goods?

Without stopping to inquire how the rule would be, if the record showed that Mrs. Goldsmith had asserted her claim to an interest of two thousand dollars in the goods, and that the plaintiff *knew* she had asserted such claim, we think that no sound reason can be urged why a *bill in chancery*, filed by her, must be taken as an admission against him; when, if the same bill, with the same averments, had been filed in his name, such bill could not have been given in evidence against him. True, if the bill had been sworn to, a rule different in some respects would prevail.—3 Greenl. Ev. § 275. We are not informed that this bill was sworn to.

The charge given asserts nothing but the familiar principle, that a party who procures a levy to be made by a sheriff, under a process void on its face, is a trespasser.— See Duckworth v. Johnson, 7 Ala. 578, and authorities cited; Lewis v. Dubose, 29 Ala. 219.

The charge refused sought to heal all irregularities in the attachment and levy, on the ground that the judgment entry recites that the parties came. While this recital is sufficient, under our decisions, to uphold the judgment, and prevent its reversal, (see authorities collected in Smith's Adm'r v. Ellison's Heirs, at the present term;) yet this result is not based on the principle, that all previous irregularities and abuses are thereby waived. It rests alone on the fact, that the defendant is in court by his appearance; in which case, no process whatever is necessary to the validity of the judgment. The appearance waives

all right to question the irregularity of the notice ; but is no waiver of the tortious seizure of the defendant's goods. As well might it be contended, that an appearance or plea, in a suit commenced by attachment, is a waiver of the right to insist that such attachment is vexatious; or that the defense of a prosecution admits that the same is not malicious.

There is no error in the record, and the judgment of the circuit court is affirmed.