June Term,
1861.

Moore
v.
Cord.

MOORE VS. CORD.

A foreclosure and sale of mortgaged premises in an action brought against the mortgagor alone after he has parted with his equity of redemption, may operate as an *assignment* of the mortgage to the purchaser at the foreclosure sale. *Stark et al. vs. Brown*, 12 Wis., 572.

Where the mortgagee will resort to a foreclosure proceeding the only effect of which is to assign his mortgage, the holder of the equity of redemption, when he comes 'to redeem, should not be obliged to pay the *costs* of such foreclosure.

If the mortgagee obtains a judgment of foreclosure without making the holder of the equity of redemption, whose deed is on record, a party, a sale under the judgment would not create a *cloud* upon the title of the latter.

The rule as to enjoining sales which may create a cloud upon title, always assumes that, the title of the party complaining being shown as it appears of *record*, the cloud to be prevented would apparently constitute a good title against it, though really defective by reason of something not appearing on the record.

Whether a creditor is bound to accept payment of a debt before the day of payment fixed by the contract, although the debtor tenders him the principal with all the interest which could accrue up to that day, *quære.*

The holder of an equity of redemption, who had not been made a party to the action to foreclose the mortgage, paid the mortgagee the instalment found actually due at the date of the judgment of foreclosure, and *before* the residue of the mortgage debt fell due, tendered to the mortgagee the amount of such residue, including interest *until the maturity* of the debt, which was refused, and then immediately brought an action to redeem : *Held,* that if the tender were good, it would be the same only as if. it had been made on the day the debt fell due, and in such case if the mortgagee refused to receive the money, there would be no forfeiture and consequently no ground for a bill to redeem ; and the mortgagee might be compelled to discharge the mortgage, in the mode pointed out in the statute. R. S., chap. 86, sec. 46.

APPEAL from the Circuit Court for *Washington* County. *Cord* brought an action against one Hirsch to foreclose a mortgage executed by him, without making *Elizabeth Moore,*

who had become the owner of the equity of redemption, a party. The deed from Hirsch to *Mrs. Moore* was duly recorded. The mortgage was made to secure two notes of $110 each, payable respectively on the 4th of January, 1860, and the 4th of January, 1861, with interest annually. The judgment of foreclosure was rendered July 24th, 1860. The court found that there was then actually due to *Cord* $129.67, and that the whole amount secured by the mortgage and unpaid was $243.97, and ordered that the mortgaged premises should be sold, unless the mortgagor should, before the sale, pay the amount found actually due, with interest, and costs taxed at $73.49, with accruing costs, in which case the proceedings should be stayed. On the 3d of August, *Elizabeth Moore* tendered to *Cord* $131.00, in full for the principal and interest of the first note and one year's interest upon the other note, which *Cord* accepted. On the 8th of December, 1860, *Elizabeth Moore* tendered to *Cord* $117.70, being the amount of the second note with interest until it fell *due*, and requested him to discharge the mortgage. He refused to receive the money, and advertised that a sale of the premises under the decree would take place on the 11th of December, 1860. *Elizabeth Moore* then brought her action against *Cord*, alleging in her complaint the foregoing facts, and that the sale would create a cloud upon her title, praying that she might be allowed to redeem by paying the amount tendered; that *Cord* might be required to receive the money and discharge the mortgage; and that he be restrained from selling the premises under the judgment of foreclosure. *Cord* demurred to the complaint as not stating facts sufficient to constitute a cause of action; the court overruled the demurrer, and *Cord* appealed.

*A. C. Fraser*, for appellant, argued that the tender of the whole debt and interest was bad, because it was made before the maturity of the debt, when the plaintiff was not bound to accept it (Chitty on Con., 820; 2 Parsons on Con., 154; 4 Hals., 120; 17 Mass., 247; 5 Pick., 267); and because the costs of the foreclosure were not included in the the tender. But if the tender was good, the respondent was not in a position to ask leave to redeem, nor to demand a

discharge of record of the mortgage, because, not having been made a party to the foreclosure suit, her rights would not be affected by the decree. *Green vs. Dixon*, 9 Wis., 537. The foreclosure proceedings, though not affecting her, are valid as to those who were made parties (*Green vs. Dixon, supra; Frische vs. Kramer*, 16 Ohio, 125); and equity will not deprive the appellant of the benefit of those proceedings without a full compliance with the terms of the judgment. Nor will equity restrain the sale as a cloud on the respondent's title. The title is not in her, but is still in the appellant as mortgagee. 4 Kent's Com., 178 ; 9 Wis., 508.

*Frisby & Weil, contra.*

The sale of the mortgaged premises on the judgment would cast a cloud on the plaintiff's title, and as the defect does *not* appear upon the face of the proceedings through which the appellant would deduce his title, equity will interfere. 9 Wis., 402; 1 Johns. Ch., 517–523 ; 5 Paige, 493 ; 14 N. Y., 1 ; 16 id., 519 ; 2 Coms., 118. The title of the appellant, under the foreclosure sale, could be impeached only by evidence *dehors* showing the equity of redemption to be in the respondent, and that she was not made a party to the suit. 2. As soon as the sale was made, the court would allow the respondent to redeem, and will restrain an act which it will relieve from as soon as committed. By advertising that a sale of the property would take place on the 11th of December, after receiving the amount due on the first instalment, the appellant assumed that the balance was already due and payable by virtue of the decree, and upon tender of that balance ought to be *estopped* from saying it was not due. In equity the appellant was bound to receive the money and discharge the mortgage. The respondent was not obliged to pay the costs of foreclosure. 14 Ill., 267 ; 7 Wis., 263 ; 9 Wis., 532, 539–40.

*By the Court,* PAINE, J. If the complaint in this action can be sustained at all, it must be either as a bill to redeem or to prevent a cloud upon the plaintiff's title. The mortgage was foreclosed for the non-payment of the first instalment; but the plaintiff, who was then the owner of the equity of

*Margin notes:* June Term, 1861. MOORE v. CORD. November 2.

redemption, was not made a party, though her title was on record. The premises being advertised, the plaintiff tendered the sum then due for principal and interest, which was received, but she tendered no costs. The defendant was proceeding to sell, when she afterwards tendered the amount of principal and interest *thereafter* to become due on the mortgage, and brought this action to restrain the sale, and to redeem by compelling the defendant to receive the amount tendered.

It has been held in some cases, that a foreclosure and sale to which the mortgagor is alone made defendant, after he has sold the equity of redemption, were mere nullities. This court, however, has held that such a proceeding may have the effect of transferring to the purchaser the mortgage interest, or in other words, that it may operate as an assignment of the mortgage. Beyond that it could have no effect. *Stark et al. vs. Brown*, 12 Wis., 572. This being so, it may well be said that the plaintiff, owning the equity of redemption, was not bound to pay the costs of the foreclosure proceeding, at the time of making her first tender. If the mortgagee will resort to a foreclosure proceeding, the only effect of which is to assign his mortgage, for the reason that he proceeds against one having no interest in the premises, he ought not to burden the estate with the cost of that proceeding, even though ordinarily a party redeeming should be obliged to pay the costs of a proper foreclosure suit, which latter question we have not considered, and do not decide. The question then occurs, Would it be a cloud on the plaintiff's title if the defendant should proceed and sell the premises in the foreclosure suit? We think not. Her counsel contended that it would, for the reason that the title being traced to the mortgagor, and he being shown to have been a party to the foreclosure suit, the purchaser at that sale could show a *prima facie* title, which was said to be sufficient to bring it within the rule as to a cloud upon title. But we do not so understand that rule, nor that a court of equity will interfere to prevent or remove a cloud which can only be shown to be *prima facie* a good title by leaving the plaintiff's title entirely out of view, or by suppressing a part of the record.

June Term, 1861.

Moore v. Cord.

Thus, suppose A sells land to B, who puts his deed on record; A then gives C a deed of the same land; is that a cloud on B's title? It would seem clearly not. Yet C could show a good title by tracing title to A and then showing his deed from A, provided B's title is left entirely out. But the moment B's title is shown, then C's is not *prima facie* good against it, and therefore is no cloud. The rule upon this subject assumes always, that the title of the party complaining being shown as it appears of record, then the cloud to be removed is apparently a good title against it, though really defective by reason of something not appearing on the record.

It follows therefore that so soon as the plaintiff's title was shown, and it appeared of record that she had purchased the equity of redemption before the foreclosure proceeding was commenced, she not being made a party, the sale under it would not be even *prima facie* good as against her, but it would appear on the face of the record that it had no effect at all upon her interest, and could operate at most only to transfer the mortgage interest to the purchaser. Her title being once shown, it stands unclouded by this sale. She has therefore no occasion for the interference of a court of equity upon that ground.

Nor do we think the complaint can be sustained as a bill to redeem. It appears on the face of it that the mortgage debt was not all due at the time the suit was commenced, though the full amount of principal and interest up to the time when it was to become due, had been tendered. The question then is, whether the owner of the equity of redemption can, before a mortgage debt is due, tender the whole amount to become due, and then commence an action to compel the mortgagee to take the money and discharge the mortgage. This is a question somewhat novel in its character, and one upon which authorities are not numerous, owing doubtless to the rarity of the occurrence as a matter of fact. It is seldom, at least in modern times, that the debtor offers to pay before his debt is due, including interest up to the time when it is to become due; still more seldom, such offer being made, that the creditor refuses it. There are

June Term, 1861.

MOORE
v.
CORD.

several cases which have held that a tender before the day of payment fixed by the contract is not good. *Tillon vs. Britton*, 4 Halstead, 127; *Kingman vs. Pierce*, 17 Mass., 247; *Saunders vs. Frost*, 5 Pick., 267. The last two cases seem to rest the decision upon the right of the creditor to keep his money at interest, according to the contract. But where the debtor tenders the whole amount of the interest which could accrue up to the time of payment fixed by the contract, as was done in this case, this reason would seem to fail. But can it not be said that the creditor may have an interest in keeping his money invested, upon security, rather than to have it in his own hands? Can it not be said that he may insist on it even arbitrarily or obstinately and without advantage to himself, so long as the contract provides for? It would seem so, unless the rule of the civil law is to prevail, which was that the day of payment was fixed for the convenience of the debtor only, that he might not be compelled to pay before that time, leaving him at liberty, however, to do so if he chose. There seems to be only one case which has so held. *McHard vs. Whetcroft*, 3 Har. & McH., 85. In that no opinion is given by the court, but the counsel who argued that side of the question, claimed that they were governed by the rule of the civil law, and admitted that the common law was different.

We do not, however, deem it necessary to decide this question; for assuming, as was claimed by the plaintiff's counsel, that the tender was good, there still seems to be no ground for a bill to redeem. The entire amount *due* on the mortgage had been tendered and received. Although there had been a forfeiture on the first instalment, the receipt of the amount due waived it. There was no default on the second instalment and no forfeiture. There was nothing to redeem from. If the tender was good as a payment, the lien of the mortgage was extinguished. *Kortright vs. Cady*, 21 N. Y., 343. It would then be the same as though the tender had been made on the day the debt became due. In that event, if the mortgagee refused to receive it, there would be no occasion for a bill to redeem. There would be nothing to redeem from. The plaintiff might compel a discharge

of the mortgage, in the mode pointed out by the statute, making a demand, tendering the fees, &c. R. S., chap. 86, sec. 46. But she could not sustain an action to redeem, for the reason that there was nothing to redeem from.

For these reasons the demurrer to the complaint should have been sustained.

The order overruling it is reversed, with costs, and the case remanded for further proceedings.