STATE BANK OF WISCONSIN VS. ABBOTT, impleaded with others.

*Foreclosure—Owner of equity of redemption not made a party—Second action for a new sale—Complaint construed.*

1.  Where, in foreclosure of a mortgage, the owner of the equity of redemption has, through mistake, not been made a party, the mortgagee, who has purchased at a sale under the decree, for the whole amount of the mortgage debt and costs, may maintain a second action, to foreclose the equity of such owner and for a new sale to make the principal and interest due on the mortgage; but not for costs of the former suit.

2.  An averment in the complaint in such second action, that the *former* suit was against the mortgagor, construed, on demurrer, to mean that he was the *sole* defendant, and the complaint held sufficient though not otherwise alleging that the present defendants were not parties to that suit.

APPEAL from the Circuit Court for *Fond du Lac* County.

In January, 1854, one Rudolph Kalmerton executed to the *Milwaukee & Horicon Railroad Company* his note for $1200, at ten years, with interest payable annually; and as security therefor, a mortgage on land. In July following, the company assigned the note and mortgage as collateral to a bond of its own for $1200, purchased by the plaintiff. In 1861, plaintiff commenced an action in said circuit court, "against the said Rudolph Kalmerton, for the purpose of foreclosing said mortgage; and such proceedings were had in said suit, that the plaintiff recovered a judgment of foreclosure therein on the 13th of July, 1864, for $1976.03, and for the sale of said mortgaged premises, and they were afterwards duly sold under said judgment and bid in by the plaintiff for $2049.90." In February, 1856, Kalmerton sold the mortgaged premises to the de-

fendant *Abbott*, and as part of the purchase money therefor, *Abbott* assumed the payment of the mortgage debt, and took possession of the premises under a deed from Kalmerton, which recited that they were conveyed subject to said mortgage. The complaint in this action, after alleging the above facts, further avers that no part of said judgment, or of the moneys therein adjudged to be paid the plaintiff, has been paid, but the whole amount thereof, with interest, "beside thirty-four dollars and seventy cents, subsequent costs, remains, as between the plaintiff and said defendants, a lien upon said mortgaged premises."

The *Milwaukee & Horicon Railroad Company* and the *Milwaukee & St. Paul Railway Company* are made defendants as cliaming subsequent liens. Prayer, for judgment that the defendants, &c., be barred and foreclosed, that the premises be sold, and that out of the proceeds the plaintiff be paid "the amount due upon said note and mortgage, with interest thereon, together with the costs and expenses of this action;" and for general relief.

*Abbott* demurred to the complaint as not stating a cause of action, because it did not appear that the defendants were not made parties to the action of foreclosure therein mentioned; and because it appeared that plaintiff had already obtained a judgment of foreclosure on said mortgage, and that the premises were duly sold under it, and bid in by the plaintiff for more than sufficient to pay the judgment. The circuit court sustained the demurrer; and the plaintiff appealed.

*E. Mariner*, for appellant.

*S. Park Coon*, for respondent:

1. It appears from the complaint that *Abbott* took possession of the premises more than five years before the former suit to foreclose was commenced. As he *ought* to have been, the presumption is that he *was*, made a defendant in this action. 2. If not, the complaint in this action should show *why* not. 3. The original cause of action was merged in the judgment. 2

Am. L. C. (4th ed.), 820, and cases there cited. 4. The plaintiff is paid. It is to be presumed that he knew the title to the property when he bid it in, and was willing to give for it the sum he bid. 5. If, as alleged, the judgment, besides subsequent costs, remains, as between plaintiff and defendants, a lien on the premises, he must resort to that instead of a re-foreclosure of the mortgage. 6. Not having seen fit to make *Abbott* a party, plaintiff must wait until the equity of redemption expires, and then bring ejectment. 7. If the plaintiff has rights, he should have moved to have the former decree and sale set aside, and for leave to amend his complaint by making the owners of the equity of redemption defendants. *Wakeman v. Hazleton*, 3 Barb. Ch., 148.

Dixon, C. J. The proceedings of foreclosure and sale in the former action were nugatory and fruitless, because the owners of the equity of redemption, the defendants in this action, were not made parties. Without claiming the costs of the former action, and without demanding judgment over for deficiency against these defendants, the plaintiff asks for a foreclosure and sale of the equity of redemption. Without having redeemed, and with no offer to do so, we do not well see how the defendants can resist the application. A party may not be allowed to proceed vexatiously; but if, through mistake or the want of proper parties, the first action proves ineffectual, we know of no rule which will prevent the institution of a second, provided the plaintiff pays his own costs in the first. We think this action may be maintained for the principal sum and interest due upon the note and mortgage. If the action were against Kalmerton, the maker of the note and mortgage, and judgment over against him for the deficiency were demanded, a different question would be presented. It may be that the judgment of foreclosure in the former action against him, and the sale for the full amount of the debt, interest and costs, extinguished his personal liability. It is pos-

sible that it extinguished all personal liability for the mortgage debt and interest. But of these questions we are not to speak, as they are not before us upon this appeal. If such was the effect of the former judgment and sale, that is all the effect which can be given to them. In all other respects the plaintiff stands as if no proceedings whatever had been had.

If the former proceedings had not gone to a sale, it may be, as suggested, that the better practice would be, to apply to the court to vacate the judgment and allow additional parties to be brought in. But in that case even, we see no serious objection to the institution of a new action on condition that the plaintiff pays the costs of the former.

It is said that, as these defendants were necessary parties to the former action, the presumption is that they were made parties, and that the complaint is defective in not averring negatively that they were not parties. We are informed that the court below sustained the demurrer upon this ground. The averment is that the former suit was against Kalmerton, and we construe it according to the natural import of the words, that it was against Kalmerton alone. This is sufficient; and if the present defendants were parties to that action, it devolves on them to show it.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.