MAXON VS. AYERS.

EQUITY:    *Action to quiet title under sec.* 29, *ch.* 141, *R. S.*—*When maintainable.*

1. Under sec. 29, ch. 141, R. S., one who has the legal title and possession of land may maintain an action to quiet the title against any person who sets up a claim thereto under any instrument which might throw a suspicion upon his title.

2. Thus, where land owned and possessed by plaintiff was levied upon and sold to defendant by the sheriff under an execution against a third person, and a certificate of sale delivered to defendant, who still holds it, and the duplicate filed in the usual manner: *Held,* that defendant must be regarded as "setting up a claim" to the land, within the meaning of the statute, and the action will lie.

2. *Clark v. Drake,* 3 Chand., 253, *Gamble v. Loop* 14 Wis., 465, and *Moore v. Cord,* id., 213, distinguished.

APPEAL from the Circuit Court for *Waupaca* County.

Action by *Louise F. Maxon* to remove an alleged cloud upon her title to land. The complaint avers her ownership in fee simple, and possession, since April, 1865; the rendition and docketing of two judgments against one Nathan Maxon, in the circuit court for said county, in June, 1868; the issue of executions thereon, July 8, 1868; and proceedings by the sheriff in levying upon, advertising and selling said land upon said executions; the fact that the land was struck off to defendant; the making of duplicate certificates of such sale by the sheriff, as required by law; the filing of one of said duplicates with the register of deeds, and the delivery of the other to the de-

Maxon vs. Ayers.

fendant; that defendant, by virtue of said levy and sale, etc., sets up a claim to the land; and that said sale and the certificate thereof so filed constitute a cloud on plaintiff's title. Prayer, that "this claim be removed from plaintiff's title;' that said certificate of sale be set aside and held for naught; and that defendant and all persons claiming under him may be perpetually restrained from further proceedings against the land under said sale and certificate.

A demurrer to the complaint, as not stating a cause of action, was overruled; and defendant appealed.

*Smith & Lamb*, for appellant, argued that " a court of equity will not interfere to prevent or remove a cloud which can only be shown to be *prima facie* a good title by leaving the plaintiff's title entirely out of view, or by suppressing a part of the record;" that "the cloud sought to be removed must be apparently good as against the plaintiff's title, but really defective by reason of something not appearing on the record" (*Moore v. Cord*, 14 Wis., 213; *Gamble v. Loop*, id., 465; *Wolcott v. Robbins*, 26 Conn., 236; *Meloy v. Dougherty*, 16 Wis., 269); and that the same rule applies under the provisions of sec. 29, ch. 141, R. S., as hitherto construed. *Clark v. Drake*, 3 Chand., 253. Counsel also referred to *Stockton v. Williams*, Walker's Ch., 120, 129, 142, and 1 Doug., 546, decided under a similar statute of Michigan; and as to the true use and construction of sec. 29, they cited *Dean v. Madison*, 9 Wis., 402; *Knox v. Cleveland*, 13 id., 245. 2. They further argued that the complaint should *set forth*, and not simply *assert*, a good title in plaintiff. *Salisbury v. Miller*, 14 Mich., 160; Hutchinson's Mississippi Code, p. 773, art. 16; *Toulmin v. Heidelberg*, 32 Miss., 273; *Shotwell v. Lawton*, 30 id., 27.

*E. L. Browne*, for respondent, contended that there is a distinction between an action *to remove a cloud* upon title, and an action, under sec. 29, ch. 141, R. S., to *quiet* the title; and that the complaint here is good under the statute. *Gamble v. Loop*, 14 Wis., 466.

COLE, J.   The only question we have to consider in this case is, whether the matters set forth in the complaint constitute a cause of action under section 29, chapter 141, R. S.   It is insisted in support of the demurrer that they do not, because, as is argued, upon the facts stated, it clearly appears there is no legal validity in the claim of the defendant, and therefore there is no ground for invoking the aid of a court of equity.   It is not enough, it is said, that the complaint show some wrongful or unlawful act on the part of the defendant in respect to the real estate of the plaintiff; but it must also show in what manner the plaintff is or will be injured thereby, otherwise no cause of action exists under this statute.

The statute provides that " any person having the possession and legal title to land, may institute an action against any other person setting up a claim thereto."   Doubtless the words " *setting up a claim*," refer to some assertion of rights or interest in real estate the effect of which is necessarily to throw a cloud over the title, and which claim is liable to be used, by the party asserting it, for an improper purpose, to the injury of the real estate owner.   " The manifest object of the statute seems to be, to enable a person having the legal title and possession of real estate, to remove all doubts and uncertainty in regard to his title arising from the claims of third persons, who are taking no steps to test the validity of their claims, either at law or equity, and who, by their refusal and neglect to institute proceedings for that purpose, keep the party in possession in a state of suspense."   WALKER, Chancellor, in *Stockton v. Williams*, Walker's Ch. R., 126.

The remedy afforded by this provision appears to be quite analogous to that which was given by courts of equity under the general jurisdiction technically called *quia timet*.   Those courts were accustomed to exercise their jurisdiction in favor of a party for the purpose of quieting titles by removing any instrument which might throw a suspicion or cloud upon the title.   " The jurisdiction exercised in cases of this character,"

says Mr. Justice STORY, "is founded on the true principles of equity jurisprudence, which is not merely remedial, but is also preventive of injustice." 1 Story's Eq. Jur., § 700. Now, upon looking into the complaint in this case, we find that it is alleged that the plaintiff has been the owner in fee and in possession of the real estate therein described, since April, 1865. Further, that certain judgments were obtained against one Nathan Maxon in June, 1868; that executions were issued upon those judgments, and the above named land was levied on, and sold by the sheriff to the defendant upon those executions. Also, that a duplicate copy of the certificate of sale has been filed by the sheriff in the office of the register of deeds of the proper county, and that the other duplicate has been delivered to the defendant, who now holds the same. And upon these facts the question arises, whether the defendant is not, in the most unequivocal manner, "setting up a claim" to the plaintiff's land, and whether the sheriff's certificate of sale is not directly calculated to throw some doubt upon her title. That question, it seems to us, can only be answered in the affirmative. It is said, of course, that if the real estate was really and truly the property of the plaintiff, as stated in the complaint, then the sale of it upon the executions against Nathan Maxon was simply a void act. Conceeding, for the purposes of the argument, that this is so, still is it possible to affirm that the defendant in causing the land to be sold as the property of another, and in holding the sheriff's certificate of sale, is not "setting up a claim" to the real estate, within the meaning of this statute? While that certificate of sale exists, it necessarily tends to throw some doubt upon the plaintiff's title. Besides, the mere fact that a deed may be issued upon this certificate, which is capable of being used as a means of vexatious litigation, will prevent the sale of the property for its full value; and in this way the plaintiff may be most seriously prejudiced while it remains in an uncancelled state. Moreover, the conduct of the defendant is utterly inexplicable if he does not claim some right

under it to the plaintiff's land. Wny has he taken that certificate, and why does he continue to hold it, unless he supposes that it gives him some interest in the property, or unless he intends to use it for some vexatious and improper purpose? We are quite clear in the opinion that the complaint shows that the defendant is " setting up a claim " to the real estate of the plaintiff, within the meaning and intent of this provision of the statute. *Dean v. City of Madison*, 9 Wis., 402 ; *Clark v. Drake*, 3 Chandler, 253 ; *Moore v. Cord*, 14 Wis., 213 ; and *Gamble v. Loop*, id., 465.

It is insisted in the argument of the counsel for the defendant, that according to the doctrine of some of the above cases, the complaint in this case is clearly bad. We do not so understand those decisions. In *Clark v. Drake*, the court was called upon, under this statute, to enforce a forfeiture in favor of the party invoking its aid; and, upon well settled principles of equity, it declined to exercise its jurisdiction for that purpose, but left the party to his remedy at law. The court says that it was not the intention of this provision of the statute to give courts of equity the power to disregard the well settled rules of law governing their proceedings, and consequently hold that a court of chancery under it could not enforce a forfeiture. In *Gamble v. Loop et al.*, the plaintiff's title was good of record as against the judgments against Alexander Gamble; and it did not appear that the defendants had sold the plaintiff's land upon those judgments, or were " setting up any claim " to the land by the wrongful acts which they were doing. The allegation in the complaint in substance was, that the plaintiffs in the judgments againt Alexander Gamble were doing all they could to dispossess the plaintiff in the suit of his interest and possession of the land, which the court say they might be doing wrongfully without setting up any claim whatever in themselves. The case of *Moore v. Cord* was not an action under this statute, but was in the nature of a bill to restrain a foreclosure sale, and to redeem from a mortgage. The owner of the equity of re-

demption had tendered the holder of the mortgage the principal and interest *thereafter* to become due on the mortgage, and asked that the defendant should be compelled to receive the amount tendered. The court in effect held, that the plaintiff's right were not affected by the foreclosure suit, to which she had not been made a party, and that upon the facts stated in the complaint, there was no occasion for the interference of a court of equity for her protection. In the opinion in that case Mr. Justice PAINE uses the language quoted by counsel in the present case, to the effect that a court of equity will not interfere to prevent or remove a cloud which can only be shown to be *prima facie* a good title by leaving the plaintiff's title entirely out of view, or by suppressing a part of the record; that the cloud to be removed must apparently be good against the plaintiff's title, but really defective by reason of something not appearing on the record, otherwise a court of equity would not interfere. But it is very obvious that Mr. Justice PAINE was not considering the scope and object of section 29, and what facts a complaint should contain in order to state a cause of action under it.

The case of *Stockton v. Williams, supra* (*Same Case* in 1 Douglass, Mich., 546), does not seem to have any very direct application to the question we are now considering. In that case the complainants failed to show either legal or equitable title in themselves, which was necessary to entitle them to relief. In the case before us the plaintiff alleges that she is the owner in fee, and is in possession, of land which the defendant has levied upon and sold on executions running against a third person. The defendant holds one certificate of sale, while the other is filed in the office of the register of deeds. It well might be that if the defendant should obtain the sheriff's deed, he would fail to recover possession of the land in an action of ejectment. But is the plaintiff compelled to wait for the commencement of such an action before she can test the validity of the defendant's interest in the land and remove all doubts in respect to her title? It seems to us that she is not compelled

thus to wait the defendant's action in the matter, if proper force is given to this provision of our statute. We therefore think the demurrer to the complaint was properly overruled.

*By the Court.*—The order of the circuit court is affirmed.