Moore, Respondent, vs. Kirby, imp., Appellant.

*February 27 — March 18, 1890.*

*Mortgages: Foreclosure: New parties by amendment: Judgment.*

Where the mortgagor was not made a party to the original action of foreclosure, sec. 3161, R. S., if applicable, does not authorize the taking of judgment against him, or one representing him, for an amount greater than he would be liable for had an original action been brought against him or his representative at the time of making him a party by amendment.

APPEAL from the County Court of *Winnebago* County. The following statement of the case was prepared by Mr. Justice Taylor as a part of the opinion:

This is an action to foreclose a mortgage.　The action

was commenced in May, 1884, to foreclose two mortgages,— one for $500, and one for $1,500, and interest from May 4 and June 25, 1883, respectively. The mortgages were given by Melvina O. Boles and her husband, Joseph Boles. The property mortgaged was owned by Melvina O. Boles. Judgment was entered in the original action June 23, 1884, for $2,000 principal, $164.33 interest, and $179.90 costs. On this judgment the mortgaged. property was sold March 11, 1886; but the court refused to confirm the sale, because no process had ever been served on Melvina O. Boles, and there was no appearance by her in the action. Melvina O. Boles died July 23, 1884, and was owner of the mortgaged premises at the time of her death. Upon her death the title vested in Joseph Boles, her husband. Joseph Boles died July 25, 1885, and devised the mortgaged property to the appellant.

After the court refused to confirm the sale the respondent obtained an order from the court allowing her to amend her complaint and make *Carrie L. Kirby*, the appellant, a party defendant. The complaint was so amended, and the appellant appeared and answered the complaint in said action. The case was tried on the answer of *Carrie L. Kirby*, and judgment rendered August 11, 1889. The material part of the judgment reads as follows:

" That the judgment heretofore rendered herein be so amended as to make the defendant *Carrie L. Kirby* a party thereto, and that unless said *Carrie L. Kirby* shall, within one year from the date hereof, pay the amount now due thereon, to wit, the sum of $3,489.81, with interest on the sum of $2,164.34 at eight per cent. per annum from date to the time of such payment, and in addition the amount of taxes paid by said plaintiff, with interest thereon at the rate of ten per cent. per annum from the date of such payment, with all costs and disbursements occasioned by the making of *Carrie L. Kirby* a defendant herein, then and in that

case the said *Currie L. Kirby* shall be barred and foreclosed of all her right and interest to the premises described in the complaint, in like manner as if she had been originally made a party to said judgment; and, in case said premises are not redeemed in one year from this date, that the same be sold as provided by law and the original judgment herein."

Exceptions were taken to the findings of the court and to the judgment by the appellant, *Carrie L. Kirby*.

For the appellant the cause was submitted on the brief of *Gabe Bouck*. He contended, *inter alia*, that sec. 3161, R. S., does not apply to a case where the owner of the equity of redemption was not made a party, but only to cases where subsequent incumbrancers were omitted. And this case does not come within that section because Melvina O. Boles and her husband were named as parties defendant in the original summons and complaint and in the original judgment. She did not cease to be a party, because of the failure of service upon her, so as to bring her case within sec. 3161.

For the respondent there was a brief by *Gary, Phillips & Forward*, and oral argument by *M. C. Phillips*.

TAYLOR, J. The learned counsel for the appellant insists that the judgment for the plaintiff in the action is for a sum much larger in amount than is authorized by law and the evidence in the case.

It is admitted that the mortgagor, Melvina O. Boles, was never made a party to the original action of foreclosure commenced in 1884; that on June 23, 1884, when judgment was rendered in said action, she was living and the sole owner of the mortgaged premises; that she afterwards, and on the 23d of July, 1884, died, and the mortgaged property descended to her husband, Joseph Boles; that Joseph Boles died July 25, 1885, and the title to the mort-

gaged premises was by his will devised to the appellant in this action, *Carrie L. Kirby*. So that the *status* of the case in May, 1886, when the appellant was made a party to this action, was substantially that no action had been commenced against the mortgagor, Mrs. Boles, or against those claiming title to the mortgaged premises under her, to foreclose such mortgage.

In this state of the case, it is very clear to us that the appellant was, at the time of the commencement of said action against her by the amendment of the process and pleadings in said action, entitled to redeem said mortgaged premises by paying the amount of the two notes,— one $500, and the other $1,500,— with simple interest from the dates thereof at eight per cent. per annum; and we are unable to see how her liability to the plaintiff can be increased by a proceeding to foreclose such mortgage, to which she and those under whom she claims were never parties. We do not think this case is one which was intended to be covered by the provisions of sec. 3161, R. S.,[1] but, if said section is applicable to a case of this kind, it does not in any way authorize the taking of a judgment against the mortgagor, or one representing her, for an amount greater than she would be liable for had an original action been brought against such mortgagor or her representative at the time of making her a party by the amendment. It seems to us

[1] Sec. 3161, R. S., provides that at any time after judgment in a foreclosure suit, and before a sale, the plaintiff may be allowed to amend "by making as defendant any person who is a proper or necessary party thereto;" that the person so made a party "may answer and defend, and all matters and proceedings as to him shall be had and taken in like manner as if he had been originally made a party thereto;" and that after the rights of such person have been adjudicated upon, "the original judgment may be so amended as to bar and foreclose him thereby, or to make any provisions in regard to his rights and interests, in like manner as it could have done had he been made originally a party."— Rep.

unnecessary to discuss this question further. This court decided this question in *Moore v. Cord,* 14 Wis. 213, 216; *State Bank v. Abbott,* 20 Wis. 570, 573; *Coe v. Manseau,* 62 Wis. 81, 85. The court of appeals in New York holds the same rule. See *Gage v. Brewster,* 31 N. Y. 220. The learned county judge clearly erred in charging the appellant with the costs included in the former judgment, with interest upon the interest included in such judgment, and with ten per cent. interest upon the amount of such former judgment, as seems to have been done.

We see no real objection to permitting the plaintiff to take a judgment of foreclosure upon the amended complaint in this action, limiting the judgment to the amount of the two notes, with interest thereon from their dates at eight per cent. to the date of the judgment, together with such costs as were necessarily made in making the appellant defendant in the action, and including such other costs as were necessarily made in bringing other proper parties before the court. These costs would also include the solicitor's fee stipulated in the mortgage.

The order of the county court in regard to the taxes paid by the plaintiff on the mortgaged property seems to be in strict accordance with sec. 1158, R. S., which gives the mortgagee a lien upon the mortgaged premises for the amount of all taxes paid by him, with interest thereon at ten per cent. per annum.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded with directions to enter judgment in accordance with this opinion.