Fox and another, Respondents, vs. WILLIAMS, Appellant.

*January 28 — February 18, 1896.*

(1) *Cloud upon title: Statutory remedy: Instrument void on its face.*
(2) *Tender: Title to money paid into court.*

1. Independently of statute, equity will not interfere to set aside, as a cloud upon title, an instrument which is void upon its face; but the remedy given by sec. 3186, R. S., as amended by ch. 88, Laws of 1893, extends to every setting up of a claim such as is liable to be used by the party asserting it for an improper purpose, to the injury of the owner of the land.

:2. A tender, by the plaintiff in an action to have a contract for the sale of land canceled as a cloud upon the title, of the amount paid by defendant on such contract, and payment of the money into court, are a conclusive admission that said amount is due to the defendant, even though such tender was not essential to plaintiff's right to relief; and hence the money belongs absolutely to the defendant, whatever may be the fate of the action.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed in part; reversed in part.*

This action is in the nature of an action *quia timet* against a party setting up a claim to the title of land. The complaint shows that on December 3, 1892, the plaintiffs gave the defendant a writing, of which the following is a copy: "Received of *William M. Williams* one hundred dollars ·($100), to close bargain on twenty-five (25) acres of Bedessen farm, at ten thousand dollars ($10,000). C. H. LEWIS, per Mrs. C. H. Lewis." It further shows that the plaintiffs are the owners of the legal title and in possession of the lands ·mentioned in the writing; that they have tendered to the ·defendant a conveyance of the premises intended, and also the sum of $100 (which was deposited with the clerk), and ·demanded performance by the defendant upon his part; that the defendant refuses to perform on his part, but still claims and gives out that he has a good and valid claim, by virtue of the writing, to the lands mentioned in it. Judgment is demanded declaring the writing to be null and void and that ·it be delivered up and canceled.

A demurrer to the complaint, *ore tenus*, was overruled. There was a trial on the merits, which resulted in a judgment for the plaintiffs, and the plaintiffs were allowed to withdraw their tender. From this judgment the appeal is taken.

*J. M. Clarke*, for the appellant.

For the respondents there was a brief by *Winkler, Flan-*

*ders, Smith, Bottum & Vilas,* attorneys, and *Miller, Noyes, Miller & Wahl,* of counsel, and oral argument by *E. P. Vilas.*

NEWMAN, J.   It seems to be conceded, as seems evidently the fact, that the writing set out in the complaint is void and does not amount to a contract, and so is not, even apparently, a cloud upon the plaintiffs' title.   So, independently of the statute (R. S. sec. 3186; Laws of 1893, ch. 88), the complaint fails to state a cause of action entitling the plaintiffs to relief of the character asked; for there are many cases in this court which hold that equity will not interfere to set aside, as a cloud upon title, an instrument which upon its face appears to be void.   *Moore v. Cord,* 14 Wis. 213; *Pier v. Fond du Lac,* 38 Wis. 470; *Cornish v. Frees,* 74 Wis. 490; *S. L. Sheldon Co. v. Mayers,* 81 Wis. 627; *Brown v. Cohn,* 88 Wis. 627.

These cases seem to have been decided with reference to the rules governing the general jurisdiction of courts of equity in actions *quia timet,* and with little reference to the enlargement of that jurisdiction which has been effected by the statute.   But the court has in other cases recognized the effect of the statute in enlarging that jurisdiction, although it has in no case defined the limits of the statutory action. In *Clark v. Drake,* 3 Pin. 228, the court say, of the statute: "It was intended to give a person in possession of land the power to institute a suit in equity, in a case proper for the consideration of such a court, against any person setting up a claim to the land, to settle the question of title, although no attempt should be made to disturb his possession."   In *Hart v. Smith,* 44 Wis. 213, on page 220, the court say: "This section enlarges the power of the court to grant relief in cases of claim to real estate, which, by the settled rules of a court of equity, do not constitute a cloud upon the title."   In *Pier v. Fond du Lac,* 38 Wis. 470, on page

480, the court say that the legislature "intended to provide an easy remedy in a class of cases which are not within the general equity jurisdiction of the court. The statute, in terms, gives the action to a person who has the possession and legal title to land, against any other person setting up a claim thereto. We have already seen that those conditions alone are not sufficient to maintain an action *quia timet* independently of the statute, but that there must exist an apparent incumbrance upon the land." In *Maxon v. Ayers*, 28 Wis. 612, a certificate of sale of the plaintiff's land, under a judgment and execution against another party, although not apparently a valid claim against the land, was held to be such a "setting up of claim thereto" as would sustain an action under the statute. The court say (page 615): "While that certificate of sale exists, it necessarily tends to throw some doubt upon the plaintiff's title. Besides, the mere fact that a deed may be issued upon this certificate, which is capable of being used as a means of vexatious litigation, will prevent the sale of the property for its full value; and in this way the plaintiff may be most seriously prejudiced while it remains in an uncanceled state. Moreover, the conduct of the defendant is utterly inexplicable if he does not claim some right under it to the plaintiff's land. Why has he taken that certificate, and why does he continue to hold it, unless he supposes that it gives him some interest in the property, or unless he intends to use it for some vexatious and improper purpose?" The remarks of the court, in that case, are pertinent and appropriate in this case. Why does the defendant, while refusing to perform on his part, continue to hold the writing and to claim an interest by reason of it? The case is hardly distinguishable from *Maxon v. Ayers*, either in legal principle or the apparent character of the unlawful purpose.

So, it is seen that this court has frequently recognized, if it

has not always observed, the extension, by the statute, of the power of a court of equity to the cancellation, in a proper case, of instruments which were not, even apparently, a cloud upon the title, but which were capable of being used to affect the title injuriously; and, while the scope of the statutory remedy has never been fully defined, it is evident that the statute is of the class denominated "remedial," and is to be construed liberally, so as to include all cases which are fairly within the meaning of its words. No doubt the claim which the defendant sets up, while not, in a technical, sense, a cloud upon the title, is nevertheless capable of being used to throw a very real cloud, in the popular sense, upon the title of the owner. This is what was intended by the following passage in *Maxon v. Ayers, supra:* "Doubtless the words, 'setting up a claim,' refer to some assertion of rights or interest in real estate the effect of which is necessarily to throw a cloud over the title and which claim is liable to be used by the party asserting it for an improper purpose to the injury of the real-estate owner." So, it seems plain that the statutory remedy is not limited to cases where the claim set up is valid on its face, but is extended to every setting up of a claim such as is liable to be used by the party asserting it for an improper purpose, to the injury of the owner of the land.

The defendant paid $100 on the alleged contract. The plaintiffs tendered that sum, with interest, for rescission of the contract, and kept their tender good by paying the money into court. By the judgment this money is given to the plaintiffs. This is error, for the tender and payment into court, for the tenderee, of the money tendered, is a conclusive admission that the amount so paid in is due to the tenderee; and, hence, that money belongs absolutely to him, whatever may be the fate of the action. *Schnur v. Hickcox,* 45 Wis. 200; 25 Am. & Eng. Ency. of Law, 943, and

cases cited in note 1. The fact that the tender was not essential to the plaintiffs' right to relief does not make the case an exception from the rule.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed, except as to that part which disposes of the tender, and as to that it is reversed. The cause is remanded with directions to modify the judgment in accordance with this opinion. Neither party is to have costs, but the respondents are to pay the the clerk's costs.