BORKOWSKI, Appellant, vs. LANGEN, Respondent.

*March 13—April 8, 1924.*

*Tender: Unconditional payment into court: Effect: Civil court of Milwaukee county: Procedure on appeal to circuit court: Costs in supreme court.*

1. In an action of unlawful detainer by a purchaser of leased property, the unconditional payment into court by plaintiff of a sum of money provided in the lease as liquidated damages in case of a sale of the property, to be paid to defendant in accordance with the lease, was a conclusive admission that the amount was due the defendant; and an order directing the payment of such money was not erroneous, although eviction was prevented by injunction for eighteen months. p. 483.

2. Under ch. 549, Laws of 1909, creating the civil court of Milwaukee county, and sub. 2 and 4 of sec. 28 thereof, relating to appeals from orders and judgments, the circuit court by an order either affirms or reverses the order or judgment appealed from. p. 484.

3. The circuit court, on appeal from a judgment of the civil court of Milwaukee county, has no authority to render a judgment for costs or to impose any other costs than the usual and ordinary motion costs. p. 484.

4. The fact that appellant prevailed on an incidental question of practice does not entitle him to tax costs in the supreme court. p. 484.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

August 1, 1919, the defendant rented certain premises in

Milwaukee county from one Marie La Grand for a period of five years. The lease provided that in case of a sale of the premises the lease could be terminated by giving ninety days' notice to the defendant and paying to her $50 each year said lease had to run. The lessor sold the premises to the plaintiff. He duly served the notice required to terminate the lease and tendered to the defendant $200 liquidated damages provided by the lease. Defendant refused to vacate. Plaintiff brought an action of unlawful detainer in the civil court of Milwaukee county to evict defendant from the premises. He paid the $200 liquidated damages provided by the lease into court, with reference to which the complaint contains this allegation:

"That said plaintiff now is, and at all times was, ready, able, and willing to pay to the said defendant the said sum of $200, and brings the said sum of $200 into court, to be paid to the said defendant, in accordance with the tender so made and in accordance with the provisions of said lease."

Plaintiff recovered a judgment of eviction in the civil court. In due course a writ of restitution issued. The sheriff was restrained from executing the writ upon the suit of a sublessee of the defendant. This action prevented eviction for a period of about eighteen months. The judgment of eviction was rendered October 14, 1921. In April, 1923, defendant applied to the civil court of Milwaukee county for an order directing the clerk to pay the sum of $200 deposited by plaintiff in court, to the defendant. This order was granted and, upon appeal, was affirmed by the circuit court for Milwaukee county. From the judgment of affirmance plaintiff brings this appeal.

For the appellant there was a brief by *Friedrich & Hackbarth* of Milwaukee, and oral argument by *Otto G. Hackbarth.*

For the respondent the cause was submitted on the brief of *F. P. Hopkins* of Milwaukee.

OWEN, J.   It seems, to be appellant's contention that, be-
cause he was unable to enforce the judgment of eviction
recovered against the defendant in the civil court, the de-
fendant is not now entitled to the $200 deposited by him
in court at the time he commenced the unlawful detainer
action.   It is not necessary for us to consider defendant's
right to recover this money in an independent action, or
whether its tender was necessary as a condition precedent
to the maintenance of the action of unlawful detainer.
Whether necessary for him to do so or not, the plaintiff
voluntarily and unconditionally paid the money into court
for the benefit of the defendant.   This is a conclusive ad-
mission that the amount so paid into court is due to the
tenderee, and the money belongs absolutely to her.   *Fox v.
Williams,* 92 Wis. 320, 66 N. W. 357.   The order of the
civil court directing the clerk to pay the money to the de-
fendant was therefore correct.

The appellant raises a question of practice which remains
to be considered.   The order of the civil court was affirmed
by a judgment of the circuit court, which ordered and ad-
judged that the defendant "have and recover her costs and
disbursements on this appeal, the same being taxed at, and
being, sixteen and 70-100 dollars."   Appellant contends that
the entry of such judgment upon the affirmance of an order
on appeal from the civil court is not authorized.

The civil court of Milwaukee county was created by ch.
549 of the Laws of 1909.   Sec. 28 of said chapter relates
to appeals from the orders and judgments of said civil court
to the circuit court.   Sub. 2 of said section provides:

"Every order of said civil court from which an appeal
is taken shall be either affirmed or reversed by the circuit
court, and the action in which such order was made shall be
returned to the clerk of said civil court for further pro-
ceedings according to law and in accordance with the direc-
tion of said circuit court."

Sub. 4 of said sec. 28 provides that at any time after the

filing in the circuit court of the return upon any appeal from said civil court any party to the action may move that the order appealed from be affirmed or reversed. It thus appears that upon an appeal from an order of the civil court the matter is brought on for hearing before the circuit court by a motion made in the usual and ordinary way. The usual and ordinary way of disposing of such motion is by order of the court. This order either affirms or reverses the order appealed from. Upon the affirmance or reversal of the order, "the action in which such order was made shall be returned to the clerk of said civil court for further proceedings according to law and in accordance with the direction of said circuit court." We discover no authority and see no necessity for the entry of a formal judgment by the circuit court in disposing of the matter. Its determination is evidenced by its order disposing of the motion to affirm or reverse. No doubt the circuit court has power and authority to impose the ordinary costs of the motion, the payment of which is to be enforced in the usual and ordinary way. But we search in vain for any provision of the civil court act, or any other statutory provision, authorizing the circuit court to render a judgment for costs, or to impose any other costs than the usual and ordinary motion costs. The entry of the judgment was erroneous as a matter of practice. The judgment, therefore, should be vacated and set aside. This, however, will not disturb the order of the circuit court affirming the order appealed from. That will stand, and upon the remission of the record from this court the circuit court will remit the record to the civil court.

While the appellant prevails upon the question of practice, it is but an incidental question, and should not entitle him to tax costs in this court. No costs will be taxed by either party, but the appellant will pay the clerk's fees.

*By the Court.*—So ordered.