HAMILTON, Appellant, vs. BEAUDREAU and husband, Respondents.

*January 13 — February 3, 1891.*

*Action to quiet title: Evidence of ownership.*

In an action to set aside a tax deed as a cloud upon the plaintiff's title to land, the answer denied the plaintiff's alleged ownership, and it appeared that the defendants' claim under the tax deed was *bona fide*, and that they had paid all taxes on the land from the date of such deed. *Held*, that a quitclaim deed to the plaintiff from a person who was not at the date thereof in possession of the land, and the statement of a witness that he knew that the grantor in said deed was, at a time long past, the owner of the land, were not sufficient evidence of plaintiff's ownership to entitle her to judgment, even though the defendants' tax deed was void.

APPEAL from the Circuit Court for *Fond du Lac* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an action to remove a cloud upon the plaintiff's title to real estate situate in the city of Fond du Lac. The complaint alleges (1) that the plaintiff is the owner in fee of the real estate described in the complaint, by virtue of a deed from one Charles Witherell, dated October 8, 1887; (2) that the defendants claim title to said real estate by virtue of a tax deed dated July 7, 1887; (3) that, prior to the taking of the tax deed aforesaid, the said Witherell paid the taxes on said property for the year 1882, that being the year said real estate was sold for the nonpayment of the taxes, and upon which tax sale said tax deed was issued, and the complaint claims judgment canceling said tax deed.

The defendants answer, denying all the material allegations in the complaint, except that they admit " that the plaintiff's pretended claim of title to the premises described in the complaint is based upon a pretended deed from one Charles H. Witherell, dated October 28, 1887."

The case was tried by the court, and after hearing the evidence the learned circuit judge made the following findings of fact and conclusions of law:

" (1) That the plaintiff was not, at the commencement of the action, the owner of the fee of the premises described in the complaint.

" (2) That the defendant *Kate A. Beaudreau* claims to own and hold said premises under and by virtue of a tax deed, described in the answer, taken on tax certificate 180, dated May 15, 1883, for the unpaid taxes of 1882.

" (3) That it is not shown that Charles H. Witherell, plaintiff's grantor, or any other person owning or having an interest in said premises, has ever paid the taxes thereon for the year 1882, or redeemed the same from the sale of May 15, 1883, for the said taxes of 1882.

" (4) That the defendant *Kate A. Beaudreau* purchased said outstanding certificate 180, dated May 15, 1883, in good faith, for a valuable consideration, without any knowledge or notice of any fact or circumstance affecting the validity of said certificate.

" (5) That a tax deed of said premises, dated July 25, 1887, in due form of law, was duly made, acknowledged, and delivered to the defendant *Kate A. Beaudreau*, as stated in the answer, and that said tax deed was duly recorded in the office of the register of deeds of Fond du Lac county, July 25, 1887, and before the commencement of this action."

And, as a conclusion of law, the court finds " that the plaintiff is not entitled to a judgment canceling said tax deed or declaring it null and void, and that the plaintiff's complaint should be dismissed with costs."

Upon these findings the court rendered a judgment dismissing the plaintiff's complaint with costs to the defendants. From this judgment the plaintiff appeals to this court.

*Kate H. Pier*, for the appellant.

For the respondents there was a brief by *Duffy &
McCrory*, and oral argument by *J. H. McCrory*.

TAYLOR, J. It is very questionable whether the com-
plaint of the plaintiff in the action states facts sufficient to
entitle her to any relief; but, as the defendants answered
the complaint and made no objection on the trial as to the
insufficiency of the complaint, such objection is probably
waived, and we must determine whether, upon the evidence
and the findings of the court, the plaintiff is entitled to any
relief. The plaintiff alleges in her complaint that she was
the owner in fee of the land described in the complaint.
This allegation is denied by the answer. It was incumbent,
therefore, on the plaintiff to show upon the trial that she
had such title, as that is the sole ground upon which it
was possible for her to recover upon her complaint.

The court has found, as a fact, that she was not such
owner, and this disposes of her case, unless such finding is
unsupported by the evidence. The plaintiff has the affirma-
tive on this issue, and, as we think, has entirely failed to
show title in herself. She offers no evidence of title, in
fact, except a quitclaim deed from Witherell, dated in Oc-
tober, 1887, for a consideration of $10. There was no evi-
dence showing or tending to show that, at the time of
giving such deed, Witherell was in the actual possession of
said lot. On the contrary, the evidence shows that another
person was in the actual possession of said lot as early, at
least, as April, 1887, and there is no evidence that such per-
son was in such actual possession as the tenant of Wither-
ell, or in any other way held possession for him. The
evidence also shows that from the date of the tax deed the
defendant has paid all taxes on the land, and redeemed
from the several tax sales thereof, made before such tax
deed was executed.

The only evidence which has any tendency to show title in Witherell, was a statement of a witness who said he knew plaintiff owned the property in question while he lived here in Fond du Lac.   This evidence was clearly incompetent to prove title in plaintiff had it been objected to.   As it was not objected to as incompetent evidence, the court might have considered it as tending to show title in the plaintiff, but as that evidence referred to a time long past, and the other evidence showed another person in the actual possession, we think the court rightly decided that title in the plaintiff had not been shown.

The evidence in this case shows a *bona fide* claim of title on the part of the defendants, and the payment of a large sum for taxes assessed on the premises, for all the years from 1882.   Upon this state of fact it seems to us that, in order to entitle the plaintiff to the relief asked, she should have made out by clear proof that she was the legal owner of the land when she commenced her action.   We do not feel called upon to decide whether the tax deed under which the defendants claim is void for either of the causes mentioned in the argument for the appellant, as we hold that there was not sufficient evidence of ownership of the property by the plaintiff to entitle her to a judgment in her favor.

*By the Court.*— The judgment of the circuit court is affirmed.