Spehn and others, Appellants, vs. Huebschen, Respondent.

*October 1— October 25, 1892.*

(1) *Appeal from order for judgment.* (2) *Wills: Mental capacity: Undue
influence: Evidence.*

1. An appeal from an order for judgment will not be dismissed where
   such order contains all the effective words of a judgment.
2. Findings of the circuit court to the effect that a testator was not of
   sound mind and that he was unduly influenced to make the will,
   are *held* to be sustained by the evidence.

APPEAL from the Circuit Court for *Ozaukee* County.

This is an appeal from the judgment of the circuit court
refusing to admit to probate the alleged will of John

Huebschen, deceased, and reversing the order of the county court admitting the same to probate. The action was tried in the circuit court with a jury, to whom two questions were submitted, namely: (1) Was said John Huebschen of sound mind when said testament was executed? (2) Was he induced to execute said instrument by any influence which deprived him of his free will? The jury answered the first question in the negative, and the second question in the affirmative, and the court, agreeing with the verdict of the jury, made findings of fact in accordance therewith, and rendered the judgment from which this appeal is taken.

The proponents and appellants are brothers and sisters of the deceased, and the contestant and respondent is his widow. The deceased died of consumption, July 28, 1890, at the age of forty-eight years. He had been married to respondent twenty-five years, but had no children. He had lived continuously with respondent until about July 10, 1890, on which day he executed the instrument in question, left his wife, and went to live with his sister *Mrs. Spehn*, in the same village, where he remained continuously until his death. On the 16th of June, 1890, he voluntarily executed a deed of substantially all of his property to his wife, which deed was to remain in the hands of one Dickerman, who drew it, until after his death. This deed seems to have occasioned trouble between the husband and wife, the husband claiming that the wife had stolen it and placed it on record. There was direct evidence tending to show that the deceased was of unsound mind, and experts were allowed to testify as to their opinion, based upon a hypothetical question. The evidence as to undue influence was largely, if not entirely, circumstantial. The alleged will gave one third of his property to his wife, $900 to Mrs. Sarah Mathews, which Mrs. Mathews had paid to deceased and his wife in 1882, in consideration of an agreement to support her during the rest of her life and pay her five

per cent. interest, $500 to St. Joseph's church at Grafton, and divided the balance of his property equally among his brothers and sisters.

*Eugene S. Turner*, for the appellants.

*H. B. Schwin* and *S. S. Barney*, for the respondent.

WINSLOW, J.   A motion to dismiss the appeal was made by respondent on the ground that the appeal was taken from an order for judgment, and not from the judgment. It seems that the motion for judgment was heard at a term of the court held at Waukesha, the same being a special term for Ozaukee county, on the 18th of March, 1891, and an order then made that the contestant have judgment that the propounded will " is not the will of the deceased, that the same is not admitted to probate, and that the decree of the county court admitting the said will to probate is reversed," and that the case be remitted to the county court for further proceedings.   This order was filed at Ozaukee March 27, 1891, and on the same day a formal judgment was made and signed by the clerk, and filed, in which it is adjudged that the propounded will is not the will of deceased, that the same is not admitted to probate, and that the decree of the county court is reversed.   The notice of appeal is from the order entered on the 27th day of March, 1891, in favor of contestant and against the proponents, and the undertaking on appeal refers to an order made at Waukesha March 18, 1891.   It will be seen that the " order for judgment" contains all the effective words of a judgment.   We should treat it as an effective judgment itself if it stood alone.   In this view of it, we should not feel justified in dismissing the appeal.

The appellants' brief contains no statement of errors relied on, as required by Rule IX of the rules of this court. The brief is largely devoted to a review of the evidence, apparently with a view of convincing this court that the findings of fact made by the circuit court are not supported

by the testimony. We have carefully read the case, and are fully satisfied that there was sufficient evidence on which to base the findings. A review of it would simply incumber the reports to no purpose. It is claimed that an hypothetical question put to certain experts, whereby they were required to express an opinion as to the sanity of deceased when the will was made, did not correctly state the facts in proof. An examination of the case convinces us that there was evidence tending to support all of the facts recited in the question. The evidence tending to show undue influence was principally circumstantial, but none the less persuasive. We have found no other points which deserve discussion.

*By the Court.*— Judgment affirmed.