BRODERICK, Respondent, vs. CARY, Appellant.

*January 17 — February 8, 1898.*

*Equity: Quieting title: Pleading.*

1. In an action to remove a cloud from, or to quiet, title to real estate under the laws of this state, the provision of sec. 3186, R. S. 1878, to the effect that it shall be sufficient as to the hostile title or interest to aver in the complaint that the defendant makes some claim to the property is satisfied by alleging facts from which the hostile claim of title or interest is raised as a necessary or reasonable inference.

2. Allegations to the effect that the property was levied upon and sold on an execution issued on a judgment against a stranger to the title; that certificates of sale in due form of law were issued, de-

livered, and filed, pursuant to such sale, according to the statutes in such cases; and that such certificates are still outstanding and of record, sufficiently show the hostile claim of title, and satisfy the requirement of the statute.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

The allegations of the complaint are, in substance:

(1) That plaintiff, at the time of the commencement of the action, was, and since December 17, 1894, has been, the owner in fee simple and in the actual possession of certain real estate described, situated in Rock county, Wisconsin;

(2) That June 22, 1896, the sheriff of said county, under an execution issued out of the circuit court thereof on a judgment rendered May 9, 1896, in favor of defendant and against M. H. Broderick, pursuant to a levy and due advertisement under such execution, sold said real estate for the sum of $500, to satisfy such execution;

(3) That such levy and sale were made by direction of the defendants on the theory that such real estate was the property of said M. H. Broderick;

(4) That the sale was completed by the execution, filing, and delivery of proper certificates of sale, as required by law;

(5) That such certificates of sale constitute a cloud on plaintiff's title, and will, unless removed, compel him to redeem therefrom in order to prevent the creation of a further cloud on such title by the issuing of a sheriff's deed to defendant or her assigns, purporting to convey to her said lands pursuant to such certificates.

The prayer of the complaint is, in effect, that plaintiff's title be quieted; that the cloud thereon, created by the certificate of sale on file, be removed; and that defendant be enjoined from selling or disposing of the certificate of sale, or procuring a sheriff's deed thereon.

The defendant interposed a general demurrer to the complaint, which was overruled, and defendant appealed.

For the appellant there were briefs by *Dunwiddie & Wheeler*, and oral argument by *B. F. Dunwiddie*. They argued, among other things, that if the invalidity of that which is alleged as a cloud appears on the face of the record by which it is shown to exist, equity will not interfere. *Gamble v. Loop*, 14 Wis. 465; *Meloy v. Dougherty*, 16 id. 269; *Truesdell v. Rhodes*, 26 id. 216; *Moore v. Cord*, 14 id. 216; *Pier v. Fond du Lac*, 38 id. 470; *Cornish v. Frees*, 74 id. 490; *Brown v. Cohn*, 88 id. 627; *S. L. Sheldon Co. v. Mayers*, 81 id. 623. The complaint was framed under the general equity powers of the court to remove cloud on title, and not under the statute (sec. 3186, R. S. 1878). Having brought his action in that form he cannot now sustain his complaint under said section, even if the allegations show that he might bring an action under it. *Walton v. Perkins*, 28 Minn. 413; *Knudson v. Curley*, 30 id. 433; *Stuart v. Lowry*, 49 id. 91.

For the respondent there was a brief by *Richmond & Smith*, and oral argument by *T. C. Richmond*.

MARSHALL, J. It is claimed by the appellant that the complaint does not state a good cause of action, within the general equity powers of courts in actions *quia timet*, in that the invalidity of the alleged hostile claim appears by the record, hence it does not constitute a cloud on the plaintiff's title. For the purposes of this case that may be conceded. *Moore v. Cord*, 14 Wis. 213; *Pier v. Fond du Lac*, 38 Wis. 470. But sec. 3186, R. S. 1878, as amended by ch. 88, Laws of 1893, has so enlarged the equity powers of the court as to give a remedy to any person having the legal title to lands against any other person setting up a claim thereto, to test the validity of such claim, and provides that it shall be sufficient to aver in the complaint the nature and extent of the plaintiff's estate in the land, describing it as accurately

Broderick vs. Cary.

as may be; that the plaintiff is in possession thereof, or that it is vacant and unoccupied; and that the defendant makes some claim thereto; and to demand judgment that the plaintiff's claim be established against any claim of the defendant, and that he be forever barred against having or claiming any right or title in the land adverse to the plaintiff. The statute has extended the right of action so that it may be resorted to by any person having either title to, or a lien or incumbrance on, land, whether in or out of possession, against any person making a claim hostile to such title, lien, or incumbrance. Whether the hostile claim be apparently valid on its face or the record, so as to constitute a cloud on the title strictly so called, according to adjudications under the old action *quia timet*, is immaterial. *Fox v. Williams*, 92 Wis. 320.

It is claimed by the appellant, however, that the complaint does not state a cause of action because of a failure to allege, in the words of the statute, that the defendant makes some claim to the land. Manifestly, the statute does not require such an allegation. It merely provides that as to the adverse claim it shall be sufficient to so allege. Clearly, if the facts constituting the adverse claim are alleged, it satisfies the statute. It is expressly provided that, in order to establish the fact that the defendant is setting up or making some claim to the land, 'it shall be sufficient to introduce in evidence any instrument in writing, theretofore at any time appearing of record, or the record thereof, or a duly-certified copy of such record, purporting to convey to, or otherwise affect in favor of, the defendant, the title to the land adversely to the plaintiff, or under or through which the plaintiff does not trace his claim or title.' It would seem to follow, necessarily, that allegations which, if true, show the existence of a hostile claim of title, cannot be added to by alleging, as a conclusion, that the defendant is making such hostile claim. That proof of a sale of land on execution, on a judgment

against a person having no interest in such land at the time of the rendition of such judgment or subsequent thereto, establishes a claim of title to the land adverse to the true owner, within the meaning of the statute, was expressly ruled in *Maxon v. Ayers*, 28 Wis. 612, which case seems to touch this unfavorably to the appellant at every point. Said Mr. Justice Cole there, in effect, the placing of a certificate of sale of land on file under such circumstances is the setting up of a claim of title to such land in the most unequivocal manner, and is directly calculated to throw doubt on the title of the true owner; besides, the danger that a deed may be issued upon the certificate, unless canceled, capable of being used as a means of vexatious litigation, which will prevent the sale of the property at its full value, is manifest. The sufficiency of the complaint was there under discussion. The issue turned wholly on whether the statement of facts in reference to the levy upon the land, sale, issuance and filing of the certificate of sale, and its existence of record and outstanding, constituted a setting up of a claim of title to the land within the meaning of the statute. True, the allegations as to the existence of the certificate, and the facts leading up to it and showing that the sale did not in fact affect the plaintiff's title, were followed by a general allegation that by means thereof the defendant was setting up a claim to the land; but it was considered that such general allegation did not add to the facts pleaded, on which it was based, as a mere conclusion, and that such facts clearly showed that defendant was making some claim to the real estate of the plaintiff as contemplated by the statute.

*By the Court.*— The order of the circuit court overruling the demurrer to the complaint is affirmed.