KIMBALL, Respondent, vs. BAKER LAND & TITLE COMPANY, Appellant.

*January 30—February 18, 1913.*

*Equity: Quieting title to land: Who may maintain action: Pleading: Adequate remedy at law: Waiver of objection: Title by estoppel: Conveyance by corporation when title in its officers: Bankruptcy: Trustee's title subject to equities:* Bona fide *purchaser: Refund of taxes paid.*

1. Sec. 3186, Stats., authorizing actions to quiet title to land by persons having the legal title, merely enlarges the equity rule; and one having an equitable title only may base his right of action upon such title, independent of the statute.

2. Where, in an action to quiet title, the complaint alleged that plaintiff had the legal title, but in a counterclaim in the answer it was alleged that the legal title was in defendant, and plaintiff thereupon replied setting up title by estoppel, which was established by the proofs, the pleadings were sufficient on plaintiff's part to sustain a judgment in his favor.

3. Independent of sec. 3186, Stats., an action in equity may be maintained to remove a cloud from title where plaintiff has no adequate remedy at law; and the objection that he has such a remedy is waived if, without raising that question by demurrer or answer, defendant goes to trial on the merits.

4. Where the president and secretary of a corporation, holding the legal title to land in their own names, represented it to be the land of the corporation and sold and conveyed it as such, by deed executed by them in the corporate name, to a purchaser who bought without an abstract of title, relying upon such representation, they are estopped from claiming the title as against such grantee, and so are all persons claiming under them with notice.

5. A trustee in bankruptcy takes the property of the bankrupt charged with all claims, legal and equitable, against it, and subject to all infirmities in the bankrupt's title, including estoppels imposed upon it in his hands which are not invalid as to creditors.

6. One who purchased from a trustee in bankruptcy land which the bankrupts held in their own names but which the public records showed they had conveyed as the property of a corporation by a deed signed by them as its officers, was chargeable with notice of the rights of the grantee in such deed and could not claim to be a *bona fide* purchaser.

7. Under established rules of equity one who is not a purchaser in good faith of land is not entitled, in an action against him to quiet the title, to a refund of delinquent taxes paid by him on such land; nor does the provision of sec. 3186, Stats., that "judgment shall be rendered according to the rights of the parties," authorize the granting of such relief.

APPEAL from a judgment of the circuit court for Polk county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

This action was brought to quiet title. The plaintiff alleged that he was the owner in fee of the lands in question; that the same were vacant and unoccupied; and that the defendant claims some right, title, or interest therein adverse to the plaintiff, but that such is subsequent to plaintiff's title, and prays that the plaintiff be declared the owner and the defendant barred from asserting any interest or claim therein adverse to plaintiff, and for general relief.

The defendant answered generally, and alleged by way of counterclaim that it was the owner in fee of the premises, and that the plaintiff claims some right, title, or interest therein adverse to defendant and caused certain deeds to be filed with the register of deeds, and that plaintiff has no estate or interest in the premises, and that plaintiff's deeds are a cloud on defendant's title, and demands judgment that defendant's claim and title be established and the plaintiff be barred, and for general relief.

By amended reply the plaintiff alleged as follows:

"1st. That on the 3d day of May, 1904, the Chicago, St. Paul, Minneapolis & Omaha Railway Company, then the owner of the premises, conveyed them by warranty deed to N. B. Bailey and C. N. Gorham, which deed was recorded May 24, 1904; that Gorham was then president and Bailey treasurer of the Wisconsin Blue Grass Land Company; that Gorham and Bailey acquired the lands for the benefit of the land company, and at or about the time of the deed made to Gorham and Bailey, or shortly thereafter, Gorham and Bailey deeded the lands to the company, the latter paying the entire consideration for the purchase; that on the 15th day of April the Wisconsin Blue Grass Land Company conveyed the premises by warranty deed to Thomas P. Hanna, which deed was recorded May 9, 1904; that at the same time Hanna and wife gave back a mortgage on the land to the land company to secure the unpaid balance of the purchase price; that thereafter this mortgage was foreclosed by advertisement under the Wisconsin statutes, and the land sold to Oscar Pfeiffer, and certificate of sale duly issued to him October 28, 1909, and on the same day this certificate of sale was recorded. The lands were not redeemed; and Oscar Pfeiffer assigned the certificate to plaintiff, who afterwards received deeds therefor from the sheriff of Polk county.

"2d. That at and prior to the execution of the deed from the land company to Hanna, Gorham and Bailey represented to Hanna that the land company owned the lands; that abstracts of title were not furnished at the time of the deed, and Hanna relied upon the representations as to the title and ownership so made by Gorham and Bailey, and by reason of such representations and the reliance thereon by Hanna, Gorham and Bailey and all parties claiming under them are estopped to assert any title to the premises adverse to Hanna, and parties claiming under him.

"That some time during the year 1904 Gorham and Bailey with their wives quitclaimed the premises to Hanna or to the land company, but the deed has been mislaid or destroyed.

"That defendant purchased the premises with full knowl-

edge of the condition of the title and of the deeds and other instruments on file in the office of the register of deeds."

The court found that on and prior to February 1, 1902, the Chicago, St. Paul, Minneapolis & Omaha Railway Company was the owner of the lands in question; that on said day said railway company executed and delivered a contract of sale wherein the railway company agreed to sell to N. B. Bailey and C. N. Gorham the lands in question at a fixed price, and in said contract said Bailey and Gorham promised and agreed to purchase said lands; that thereafter, pursuant to the terms of said contract, the railway company executed and delivered to Bailey and Gorham a warranty deed conveying the lands, which deed was dated May 3, 1904, and was duly recorded on the 24th day of May, 1904; that on or about January 1, 1903, the Wisconsin Blue Grass Land Company began to do business in Wisconsin, and especially in Polk county, of dealing in lands; that Gorham and Bailey were respectively president and secretary of said corporation; that on or about April 15, 1904, one Thomas P. Hanna purchased from the Wisconsin Blue Grass Land Company the lands in question, together with other lands, and on May 9, 1904, a deed was executed and delivered to said Hanna by the Wisconsin Blue Grass Land Company, which deed was a warranty deed containing general covenants of warranty and executed on behalf of said corporation by Gorham as president and Bailey as secretary; that Gorham in his capacity as president conducted the negotiations leading up to and which finally resulted in the conveyance, and in conducting said negotiations stated to Hanna that said corporation owned said lands, and Hanna accepted the deed relying upon the representations so made by Gorham without receiving an abstract of title until after the consideration for said deed had been fully paid; that said deed was duly recorded May 9, 1904; that said Bailey and Gorham between the 1st day of January, 1903, and the 15th day of April, 1904, sold to the Wisconsin Blue Grass Land Company a large amount of

land and accepted in payment therefor stock of said company; that it does not conclusively appear whether or not the lands in question had been paid for by the issuance to said Gorham and Bailey of stock of the company; that Gorham and Bailey believed when they closed the transaction with Hanna that the corporation owned all of the lands conveyed to Hanna by the deed dated April 15, 1904; that at and prior to the time of the execution and delivery of said deed both Bailey and Gorham represented to Hanna that said corporation owned said lands and had good right to convey the same, and Hanna relied thereon and paid the consideration; that at the time of the execution and delivery of said deed Hanna executed and delivered purchase-money mortgages conveying all of said lands to the Wisconsin Blue Grass Land Company, which mortgages were duly recorded and thereafter assigned by said company to Oscar Pfeiffer, which assignments were dated October 20, 1904, and executed on behalf of said company by Gorham as president and Bailey as secretary, and thereafter said mortgages were duly foreclosed by advertisement according to the laws of Wisconsin; that at the foreclosure sale said Pfeiffer appeared as purchaser and thereafter duly assigned the certificate of sale to the plaintiff herein and a sheriff's deed was duly executed to the plaintiff as assignee of said Pfeiffer, which deed conveyed the lands to plaintiff by virtue of said foreclosure proceedings; that the mortgages foreclosed contained covenants of warranty on the part of Hanna by which Hanna covenanted and agreed to warrant and defend the title to said lands against all lawful claims; that on April 1, 1910, in the United States district court for the Western district of Wisconsin, N. B. Bailey was duly adjudged a bankrupt, and on the 20th day of May, 1910, in the United States district court for the Northern district of Illinois, C. N. Gorham was duly adjudged a bankrupt; that in February, 1910, in the United States circuit court for the Western district of Wisconsin the Central Wisconsin Trust Company was duly appointed receiver of the Northern

Blue Grass Land Company; that on May 5, 1911, quitclaim deeds were executed by Bailey and wife and Gorham and wife to the Central Wisconsin Trust Company as receiver of the Northern Blue Grass Land Company, and thereafter proceedings were had in the receivership of said company and in the bankruptcy proceedings for the administration of the estates of Gorham and Bailey and conveyances made conveying to the *Cushing Land Agency* all the right, title, and interest owned by said Gorham and Bailey in the lands in question at the time of the commencement of the bankruptcy proceedings; that the deed of the Central Wisconsin Trust Company conveyed to the *Cushing Land Agency* all the title of the receiver acquired by the deed above mentioned and all the interest belonging to the Northern Blue Grass Land Company at the time the receivers took charge of the business of said company; that the name of the *Cushing Land Agency* has been changed to *Baker Land & Title Company;* that the price paid by the *Cushing Land Agency* for the deed acquired by it was not to exceed one half of the fair market value of the lands described in the complaint. That the *Baker Land & Title Company,* formerly known as the *Cushing Land Agency,* purchased said premises with full knowledge and actual notice of the execution and delivery of the deed by the Wisconsin Blue Grass Land Company to Hanna, and of the fact that said Gorham and Bailey were respectively the president and secretary of said corporation, and of the execution and delivery of the purchase-money mortgages owned by Hanna to said corporation and the foreclosure thereof and assignment of the certificates of sale to plaintiff, and of all the rights of plaintiff by virtue of the various transactions heretofore mentioned; that a notice of *lis pendens* was duly filed on the 17th day of June, 1911; that the actions of Gorham and Bailey were of such a nature as to estop them and all parties claiming under them with notice from asserting any title to the premises in question as against the title conveyed

by the deed executed by the Wisconsin Blue Grass Land Company dated April 15, 1904, conveying said lands to Hanna.

The court concluded that the plaintiff is entitled to a decree adjudging and decreeing that he is the owner of the premises described in the complaint, and that he is entitled to a further judgment that the defendant and all persons claiming under it since the 17th day of June, 1911, be barred from asserting any right, title, or interest in or lien upon the lands adverse to the plaintiff. Judgment was entered accordingly, from which this appeal was taken.

For the appellant the cause was submitted on the brief of *C. C. & A. E. Coe,* attorneys, and *Richmond, Jackman & Swansen,* of counsel.

*Harlan P. Roberts,* for the respondent.

KERWIN, J. We think the findings of fact are well supported, and shall therefore spend no time in discussing the evidence.

1. It is first insisted that the action is brought under sec. 3186, Stats., which provides that any person having the legal title to land may institute an action to quiet title. And it is argued that the plaintiff, not having proved a legal title, cannot recover in this action. Under this head the following cases are relied upon: *Hamilton v. Beaudreau,* 78 Wis. 584, 47 N. W. 952; *Davenport v. Stephens,* 95 Wis. 456, 70 N. W. 661; *Broderick v. Cary,* 98 Wis. 419, 74 N. W. 95; *Fox v. Williams,* 92 Wis. 320, 66 N. W. 357; and *Kruczinski v. Neuendorf,* 99 Wis. 264, 74 N. W. 974. These cases do not reach the question now before us. They were all cases brought solely under the statute, where it was necessary, in order to recover, to show legal title in the plaintiff or party asserting the right to recover. In *Hamilton v. Beaudreau, supra,* it was held that where the action was brought under the statute, the plaintiff alleging in her complaint that she was the owner in fee, it was incumbent upon her to show title,

as it was the only ground upon which she could make a case. In *Davenport v. Stephens, supra,* it was held that where one has legal title to land, whether in actual possession or not, he may maintain an action in equity to remove a cloud, where the invalidity of the hostile claim cannot be proved by any record but must be shown by other evidence. *Broderick v. Cary, supra,* holds that it is sufficient to satisfy the provisions of the statute requiring allegation of hostile title to allege facts from which the hostile claim of title or interest is raised as a necessary or reasonable inference, and that sec. 3186, Stats., as amended, has enlarged the equity powers of the court in actions to quiet title. *Fox v. Williams, supra,* also holds that the statute enlarges the equity jurisdiction and was "intended to provide an easy remedy in a class of cases which are not within the general equity jurisdiction of the court." In *Kruczinski v. Neuendorf, supra,* it is ruled that "one having the legal title to land, though not in possession, may, independent of the statute, maintain a bill in equity to remove a cloud from his title." The argument of appellant's counsel is that, the legal title not being in the plaintiff, the action cannot be maintained. But, as we have seen from the cases referred to, the statute allowing the action to be maintained by one having the legal title is but an enlargement of the former rule in equity, and that equity still retains jurisdiction of actions to quiet title independent of the statute. The statute provides that any person having a legal title to land may maintain an action against any other person setting up a claim thereto, and if plaintiff shall sustain his title the defendant shall be adjudged to release, unless the defendant shall by answer disclaim and give a release to the plaintiff. The statute also provides that it shall be sufficient to aver in the complaint the nature and extent of plaintiff's estate in the land, describing it, that plaintiff is in possession, or that said land is vacant and unoccupied and that defendant makes

some claim thereto, and demand judgment that plaintiff's claim be established against any claim of the defendant, and that defendant be barred, etc.

This court has held that one not in possession and having title may sue in equity to remove a cloud from his title independent of the statute. *Pier v. Fond du Lac,* 38 Wis. 470; *Smith v. Sherry,* 54 Wis. 114, 128, 11 N. W. 465; *Smith v. C., M. & St. P. R. Co.* 83 Wis. 271, 280, 50 N. W. 497, 53 N. W. 550; *Kruczinski v. Neuendorf,* 99 Wis. 264, 74 N. W. 974; *Suring v. Rollman,* 145 Wis. 490, 130 N. W. 485. So it is plain that our statute, sec. 3186, merely enlarges the equity rule, and that the equitable action to quiet title existing before the statute is still in force. It is established by the pleadings that at the time of the commencement of the instant action the land in question was vacant and unoccupied.

The plaintiff therefore had the right to bring his action under the statute though not in possession, if he had a legal title, and he also had a right to base his right of action upon an equitable title under the rule in equity to remove a cloud from his title independent of the statute. The statute enlarges the rule in equity and gives a plaintiff the right to maintain the action although he has the legal title, in cases where the right did not formerly exist in equity. True, the plaintiff here set out in his complaint that he had the legal title. The defendant set up a counterclaim alleging that it had the legal title and that plaintiff claimed some interest in the land adverse to defendant and praying that plaintiff be barred and that defendant's claim and title be established against the plaintiff and that plaintiff be adjudged to release to the defendant. The plaintiff replied to defendant's counterclaim, setting up title by estoppel, which reply is set out in the statement of facts. The case was tried upon all the issues made by the pleadings.

Under the equitable remedy to quiet title as enlarged by statute in this state, there can be no doubt but that the pleadings on the part of the plaintiff are sufficient and that a good case was made as appears from the findings supported by the evidence.

Relief in equity will be granted, where there is no adequate remedy at law, to remove a cloud from the title, on the ground that if the cloud be not removed it may be asserted to the injury or vexation or embarrassment of the plaintiff in the enjoyment or disposition of his property.    Tiedeman, Eq. Jur. p. 636; *Hager v. Shindler,* 29 Cal. 47; *Jones v. Smith,* 22 Mich. 360; *Daniel v. Stewart,* 55 Ala. 278.

"In order that the jurisdiction to remove the cloud from the title may be exercised by a court of equity, either the interest or title must be equitable; or if the title be legal, then the remedies at law must be inadequate to the protection of the interest." Tiedeman, Eq. Jur. p. 636; *Grignon v. Black,* 76 Wis. 674, 45 N. W. 122, 938; *Kruczinski v. Neuendorf,* 99 Wis. 264, 74 N. W. 974; *Pier v. Fond du Lac,* 38 Wis. 470; *Smith v. C., M. & St. P. R. Co.* 83 Wis. 271, 280, 50 N. W. 497, 53 N. W. 550; *Mash v. Bloom,* 130 Wis. 366, 110 N. W. 203, 268; *Goodell v. Blumer,* 41 Wis. 436; *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118; *Moore v. Cord,* 14 Wis. 213; *Roe v. Lincoln Co.* 56 Wis. 66, 13 N. W. 887; *Coe v. Manseau,* 62 Wis. 81, 22 N. W. 155; *Herren v. Strong,* 62 Wis. 223, 22 N. W. 408; *Hager v. Shindler,* 29 Cal. 47; *Gage v. Rohrbach,* 56 Ill. 262; *Suring v. Rollman,* 145 Wis. 490, 130 N. W. 485, and cases cited.

Under the foregoing authorities and many others which might be cited it is clear that an action in equity, independent of the statute, may be maintained to remove a cloud from title where plaintiff has no adequate remedy at law.   In the instant case the appellant went to trial on the merits without objecting by way of demurrer or answer that the plaintiff had an adequate remedy at law.   It is well settled by the decisions of this court that under such circumstances the objection that the plaintiff has an adequate remedy at law is waived.   *Sied-*

*schlag v. Griffin,* 132 Wis. 106, 112 N. W. 18; *Hoff v. Olson,* 101 Wis. 118, 76 N. W. 1121; *Becker v. Trickel,* 80 Wis. 484, 50 N. W. 406; *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704; *Sherry v. Smith,* 72 Wis. 339, 39 N. W. 556.

The findings being supported by the evidence, it remains only to be considered whether the plaintiff established title to the land. This depends upon whether the defendant is estopped from claiming title. It is claimed by appellant that the record was open to Hanna when he purchased from the Blue Grass Land Company and that he should have known that the title stopped with Gorham and Bailey. But no abstract was furnished to Hanna, and he bought and paid for the land on the faith of the representations of Gorham and Bailey as president and secretary respectively of the Blue Grass Land Company, as well as on their personal representations that the land was owned by the company. Upon familiar principles Gorham and Bailey were estopped from claiming any right or title to the land as against Hanna. *Lyndon L. Co. v. Sawyer,* 135 Wis. 525, 116 N. W. 255; *Marling v. FitzGerald,* 138 Wis. 93, 120 N. W. 388; *H. W. Wright L. Co. v. McCord,* 145 Wis. 93, 128 N. W. 873; *North v. Henneberry,* 44 Wis. 306.

The doctrine of estoppel is legal and equitable. *Veeder v. Guppy,* 3 Wis. 502. The rule is well stated by Pomeroy in his valuable work on Equitable Jurisprudence, vol. 2 (3d ed.) § 804, as follows:

"Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, of contract, or of remedy." See, also, § 805.

. There is no doubt but that Gorham and Bailey were estopped, under the deed by the Blue Grass Land Company executed by them as officers of such company, from denying the title of the company. In addition to the authorities above cited we also call attention to the following: *American F. L. M. Co. v. Walker,* 119 Ga. 341, 46 S. E. 426; *Heard v. Hall,* 16 Pick. 457; *Brock v. Rogers,* 184 Mass. 545, 69 N. E. 334; *Hale v. Morgan* (Tenn.) 63 S. W. 506; *Central C. & I. Co. v. Walker's Ex'x* (Ky.) 73 S. W. 778; *Brown v. Edson,* 23 Vt. 435.

Not only were Gorham and Bailey estopped from claiming any interest in the land, but all persons claiming under them, with notice, as well. *Snodgrass v. Ricketts,* 13 Cal. 359; 16 Cyc. 710, 715. The privies of a grantor or grantee are estopped to the same extent as the original parties to the deed. 16 Cyc. 715.

The defendant in this case claims through conveyance from the trustee in bankruptcy, Gorham and Bailey having gone into bankruptcy, and, the legal title to the land in question appearing in their names, the trustee attempted to sell it. It is well settled that a trustee takes only the interest which the bankrupt had in the property, charged with all claims, legal and equitable, against it. All infirmities in the title of the bankrupt follow such title into the hands of the trustee. *Zartman v. First Nat. Bank,* 216 U. S. 134, 30 Sup. Ct. 368; *Davis v. Crompton,* 158 Fed. 735. And it has been held that a trustee in bankruptcy takes the property subject to the estoppels imposed upon it in the hands of the bankrupt which are not invalid as to creditors. *In re Chantler C. & S. Co.* 151 Fed. 952. See, also, *Karger v. Steele-Wedeles Co.* 103 Wis. 286, 79 N. W. 216; *Lee v. Simmons,* 65 Wis. 523, 27 N. W. 174.

There can be no doubt under the facts in this case but that the defendant was chargeable with notice and cannot be said

to be an innocent purchaser for value. The defendant, claiming through Gorham and Bailey, has shown no title, legal or equitable.

It is also contended by counsel for appellant that the provision of sec. 3186, Stats., which says "judgment shall be rendered according to the rights of the parties," entitles the appellant to a refund of delinquent taxes paid by it. We do not think that this provision in the statute has any such application. On the contrary, such refund of taxes could only be made under general established rules of equity. In the case at bar it does not appear that the appellant was a purchaser in good faith, and therefore was not entitled to a refund. It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.