MADLER, Administrator, and others; Respondents, vs. KER-
STEN and wife, Appellants.

*December 2, 1919—January 13, 1920.*

*Action to quiet title: Proof of title: Deed from grantor not in
possession: Pleading: Defense not withdrawn: Tax certifi-
cate as real property: Assignment by trustee who has not·
qualified by giving bond: Specific performance: Contract
made by attorney: Authority.*

1. An action to remove a cloud on title to real estate can only
be maintained by one who shows title in himself, either legal
or equitable, or shows that he has a lien or incumbrance on
the land; and the plaintiff, not tracing title to the govern-
ment, does not prove title by virtue of a deed from a person
not shown to have been in possession.
2. Where in such an action defendant put the title in issue by
answer, the fact that thereafter the active litigation centered
· about· the validity of a tax deed held by defendant did not
deprive defendant of his defense of no title, there being no
affirmative withdrawal and no act misleading plaintiff as to
defendant's position.
3. A tax certificate is real property (*Eaton v. Manitowoc Co.* 44
Wis. 489, followed), and is not assets in the hands of an
executor but passes to the heirs.
4. Where testator devised real property in trust with directions
· to sell, an assignment of the tax certificate in form by the
executor, who was also a trustee, would not be valid even
if the assignment were ascribed to the trustees, they not
having given bond as such under sec. 4025, Stats.·
5. A claim that by letters passing between the holder of the deed
and his attorney and the attorney for plaintiffs a specifically
enforceable agreement was made out to deed back the land,
regardless of the validity of the tax deed, in consideration of
offered reimbursement, is not proved where there is no show-
ing that the attorney had authority to make such an agree-
ment.

APPEAL from a judgment of the circuit court for Mari-
nette county: W. B. QUINLAN, Circuit Judge. *Reversed.*

Action to remove a cloud upon the title to real estate.
The plaintiffs are the administrator and the heirs at law
of one Thomas McFarlin, deceased. The land consists of a

forty-acre tract of unoccupied land. The cloud consists of a tax deed issued to the defendant *Frank L. Kersten.*

The deed is attacked on account of several irregularities, set·forth in the complaint, as well as upon the ground that the certificate of tax sale on which it was issued never was assigned to or owned by the defendant and hence that the tax deed to him was void. The action was tried by the court without a jury. The complaint alleged ownership in fee of the land in question by the heirs at law of Thomas McFarlin, and the answer denied such ownership. The facts material on this appeal are not seriously in dispute. The plaintiffs did not trace title from the government, but contented themselves with showing that one Amelia Gruber deeded the land to Mary Ann McFarlin August 18, 1902, that Mary Ann McFarlin's will was duly probated February 13, 1912, by which she devised all her property to Thomas McFarlin, and that Thomas McFarlin thereafter died intestate, leaving the plaintiffs (except the administrator, *Madler*) as his heirs at law. No possession of the property in question by any one at any time was shown. The proof further showed that the lands were sold for taxes May. 17, 1910, to Theodore Kersten, who thereafter died intestate still owning the certificate; that the will was duly probated in October, 1914, and that by its terms all the testator's real estate was devised to Rev. Theodore H. Kersten and Verona C. Kersten as trustees, with directions to sell the same and (after paying one bequest of $1,000) divide the proceeds into seven equal shares to be distributed among his seven children; that Theodore H. Kersten was named as executor in the will and duly qualified as such a few days later; that said executor in form assigned the said tax certificate to the defendant *Frank L. Kersten* February 5, 1915, by indorsing the same as follows: "Rev. Theo. H. Kersten, as executor of the estate of Theodore Kersten, deceased," and by manual delivery of the certificate; that *Frank L. Kersten* presented the certificate to the county

clerk with an affidavit of nonoccupancy, and received a tax deed of the premises February 5, 1915, which is the deed attacked in this action. It further appeared that in July, 1915, the plaintiffs, learning that a tax deed had been issued to the defendant, sent a letter to him, through their attorney, offering to reimburse him for the taxes paid, interest, and all expenses, and stating that if the offer was not accepted action would be commenced to set aside the deed on account of defects in the tax proceedings; that defendant replied by letter stating that he had sent plaintiffs' letter to his attorney and would direct him to communicate with the plaintiffs at once; that a few days later Mr. Scudder, the defendant's attorney, replied to the plaintiffs' letter, stating that the taxes paid and interest and expenses amounted to $18.21, on receipt of which the defendant and wife would execute to the plaintiffs a quitclaim deed; that on the following day Mr. Scudder sent another letter stating that, as a condition of making the quitclaim deed, the plaintiffs must point out the defect in the tax proceedings which vitiated the deed; that on the same day the plaintiffs' attorney wrote, saying that the first proposition was accepted and the quitclaim deed and money would be forwarded in a few days; that two days later plaintiffs' attorney wrote, in answer to Mr. Scudder's second letter, that the assignment of the tax certificate was not according to law and that there were other defects; that the money was forwarded by draft about a week later and was returned by the defendant because the defects in the tax deed had not been stated.

On these facts plaintiffs claimed that a valid contract to convey the lands had been made and that they were entitled to specific performance thereof even if the tax deed should be held valid.

The trial court held that the plaintiffs had title to the land; that the tax certificate never was legally assigned to the defendant because the same was real estate and hence

could not be assigned by the executor as such but passed to the devisees under the will, hence that the defendant's tax deed was void; that there was no sufficient proof of the posting of the notices of the tax sale in question; that there was no case made for specific performance; and that the plaintiffs were entitled to judgment declaring the tax deed void and barring the defendants from all claim of right or title.to the premises. From judgment in accordance with these conclusions the defendants appeal.

For the appellants the cause was submitted on the brief of *Henry T. Scudder* of Marinette.

*L. ·P. Fox* of Chilton, for the respondents.

WINSLOW, C. J.    It is evident that the plaintiffs proved no title to the lands in question. A deed from one not shown to have been in possession of the land is no proof of title. *Hamilton v. Beaudreau,* 78 Wis. 584, 47 N. W. 952; *Cartwright v. Hall,* 88 Minn. 349, 93 N. W. 117. An action to remove a cloud from the title can only be maintained by one who shows title in himself, either legal or equitable, or at least shows that he owns a lien or incumbrance on the land. Sec. 3186, Stats.; *Kimball v. Baker L. & T. Co.* 152 Wis. 441, 140 N. W. 47. This seems to be simply good common sense, and good common sense is frequently law. The trial judge disposed of this difficulty by saying that the defendants did not at any time question the original ownership of the property but only the validity of the tax deed. The record, however, shows that plaintiffs' title was put in issue by the answer, and we have found nothing in the bill of exceptions showing that the issue so raised was ever waived or abandoned. It is true that the active litigation centered about the validity of the tax deed, but, in the absence of some affirmative withdrawal of the defense of lack of title or some act misleading the other party as to his position, the defendant may still stand upon his defense.

A tax certificate is real property. This was decided in *Eaton v. Manitowoc Co.* 44 Wis. 489, and the decision there made has never been overruled and has become a rule of property. Being real property, the tax certificate in the present case did not become assets in the hands of the executor and hence could not be assigned by him to the defendant; but passed to the trustees to whom the real estate was devised by the will, who, however, would have no authority to execute the trust until they had given bond as trustees under sec. 4025, Stats. *McWilliams v. Gough,* 116 Wis. 576, 93 N. W. 550.

The defendant therefore acquired no title to the certificate by the attempted assignment. Having no title to the certificate, the tax deed to him was clearly void.

It is evident that there ought to be a new trial in order that the plaintiffs have opportunity to prove title to the premises. If they do so they will be entitled to judgment removing the cloud on their title resulting from the void tax deed upon payment into court for the benefit of the said trustees of the amounts required to be paid by sec. 1210*h*, Stats.

We agree with the trial court upon the proposition that there can be no judgment of specific performance of the alleged contract to convey, resulting from the correspondence with the defendants' attorney, for the reason that there is no proof, either oral or written, that the attorney had authority to make such a contract.

*By the Court.*—Judgment reversed, and action remanded for a new trial.