WILDER and others, Appellants, vs. EVANGELICAL LU-
THERAN JOINT SYNOD OF WISCONSIN AND OTHER
STATES and another, Respondents.

*November 5—December 3, 1929.*

164

For the appellants there was a brief by *Mistele & Smith* of Jefferson and *Grady & Dakin* of Watertown, and oral argument by *H. M. Dakin* and *Emory W. Grady*.

For the respondents there was a brief by *Skinner & Thauer* of Watertown and *Ernst von Briesen* of Milwaukee, and oral argument by *Mr. von Briesen* and *Mr. Nicolaus Thauer*.

FRITZ, J. During the course of his opinion the learned circuit judge said:

"When a plot of ground has been conveyed for burial purposes and such purpose actually put in effect, it remains a cemetery until abandoned or vacated by lawful authority. . . . Without attempting to define what the

law declares to constitute abandonment, I will say that the proof in this case falls short of establishing abandonment. On the other hand, the state, under its police power, acting through the legislature, has effectually vacated the cemetery and authorized the removal of the bodies buried there. That is as far as the legislature could go. It could not pass the legal title to the city of Watertown because it did not own it."

That we approve. On the other hand :—

"A cemetery is none the less a graveyard because further interments in it become impossible. It only loses its character as a resting place of the dead when those already interred are exhumed and removed." *Kansas City v. Scarritt,* 169 Mo. 471, 485, 69 S. W. 283. "The state by the exercise of its police power can properly cause the abandonment of a cemetery and the removal of the bodies. Friends and relatives may also voluntarily remove their dead, and if all those who sleep there were thus taken away and its use as a place of sepulcher entirely abandoned the character of the ground as a burial place would be lost. But until its depopulation as a city of the dead is complete by one or the other process, the ground dedicated for the last resting place of deceased persons must remain true to its dedication." *Bitney v. Grim,* 73 Oreg. 257, 144 Pac. 490.

"A court of equity is recognized as the proper tribunal to resort to in order to protect the rights of those owning lots in, or having relatives buried in, a cemetery." 5 Ruling Case Law, p. 248.

"While there is no right of property in a dead body in the ordinary sense of the term, it is regarded as property so far as to entitle the next of kin to legal protection from unnecessary disturbance and wanton violation or invasion of its place of burial. . . . Equity has jurisdiction to enjoin an unwarrantable disturbance or interference with a burial ground or the graves therein." 6 Cyc. 720. "The complainants, who are relatives of the dead deposited therein, may invoke the remedial power of the court to prevent the desecration of the ground where repose the ashes of their kindred. . . . The property dedicated to public and pious uses threatened with desecration, the sepulchers

of the dead with violation, the sentiment of natural affection of the surviving kindred and friends of the deceased to be wounded, the memorials erected by piety and love removed, so as to leave no traces of the last home of their ancestors to those visiting the spot in future generations, were acts that could not be redressed by the ordinary process of law. The remedy must be sought in the protecting power of a court of equity, operating by injunction to preserve the asylum of the dead, and quiet the just and natural sensibilities of the living." *Boyce v. Kalbaugh,* 47 Md. 334, 28 Am. Rep. 464. To the same effect, see *Tracy v. Bittle,* 213 Mo. 302, 112 S. W. 45, 15 Ann. Cas. 167; *Beatty & Ritchie v. Kurtz,* 2 Pet. (U. S.) 585, 7 Lawy. Ed. 521; *Van Buskirk v. Standard Oil Co.* 94 N. J. Eq. 686, 121 Atl. 450; *Kelly v. Tiner,* 91 S. C. 41, 74 S. E. 30; *Wormley v. Wormley,* 207 Ill. 411, 69 N. E. 865; *Davidson v. Reed,* 111 Ill. 167; *Bitney v. Grim,* 73 Oreg. 257, 144 Pac. 490; *Roundtree v. Hutchinson,* 57 Wash. 414, 107 Pac. 345; *Barker v. Hazel-Fain Oil Co.* (Tex. Civ. App.) 219 S. W. 874; *Hollman v. Platteville,* 101 Wis. 94, 76 N. W. 1119; *Dunbar v. Oconomowoc Cemetery Asso.* 189 Wis. 164, 169, 207 N. W. 265.

In the case at bar, the acts of the defendants in erecting a fence and encroaching with a garage upon the premises, and permitting their students to erect a pergola and intrude for class exercises, constituted repeated trespasses and unwarrantable invasions of the rights of plaintiffs, as surviving kindred of persons whose remains are still buried in the cemetery. Until all remains of their kindred have been removed, the plaintiffs and other relatives of those still buried there, who desire to visit and preserve the graves and this small cemetery tract from desecration, are entitled to invoke the equitable powers of the court to enjoin repeated trespasses and unwarrantable disturbances upon the cemetery grounds.

Plaintiffs also seek judgment barring the defendants from claiming title under the recorded quitclaim deed of January 16, 1926, and from attempting to acquire title by pre-

scription. In the absence of some of the necessary parties, such as possibly surviving heirs or successors in title of Silas Newcomb, who as predecessor in fee originally deeded the land for cemetery purposes, it would not be proper to attempt to finally adjudicate in this action the exact nature of the title or interest of the respective plaintiffs. That "is a difficult and vexed question upon which the courts are greatly divided." *Howard v. Heinig,* 191 Wis. 166, 170, 210 N. W. 414. The conflict in the decisions and evolution which the principles of law involved are undergoing, in view of modern conditions and necessities, is illustrated by comparing the opinions in such cases as *Re Brick P. Church,* 3 Edw. Ch. (N. Y.) 155, 159, and *Went v. Methodist P. Church,* 80 Hun, 266, 30 N. Y. Supp. 157, 160.

However, at least as long as kindred of theirs remain buried in this cemetery, the plaintiffs Wilder, Hadley, and Powers, as descendants and heirs at law of grantees in fee of specified lots, have sufficient right, title, and interest in such lots and in the alleys and lanes designated and laid out in the cemetery to maintain an action to protect and preserve such right and interest (*Dunbar v. Oconomowoc Cemetery Asso.* 189 Wis. 164, 207 N. W. 265), and to remove a cloud upon such title.

Sec. 281.01, Stats., "has so enlarged the equity powers of the court as to give a remedy to any person having the legal title to lands against any other person setting up a claim thereto, to test the validity of such claim. . . . The statute has extended the right of action so that it may be resorted to by any person having either title to, or a lien or incumbrance on, land, whether in or out of possession, against any person making a claim hostile to such title, lien, or incumbrance. Whether the hostile claim be apparently valid on its face or the record, so as to constitute a cloud on the title strictly so called, according to adjudications under the old action *quia timet,* is immaterial. *Fox v. Williams,* 92

Wis. 320, 66 N. W. 357." *Broderick v. Cary,* 98 Wis. 419, 421, 74 N. W. 95; *Kimball v. Baker L. & T. Co.* 152 Wis. 441, 140 N. W. 47.

The judgment of the circuit court must be reversed, and judgment entered which shall provide that, until the remains of the kindred of the plaintiffs have been removed by the plaintiffs, or the city of Watertown, or others lawfully authorized so to do by the legislature or otherwise, the defendants are enjoined from occupying, possessing, or trespassing upon those premises, and are barred from claiming or asserting any right, title, or interest in or to those premises by virtue of the quitclaim deed dated January 16, 1926, and recorded April 30, 1926.

*By the Court.*—Judgment reversed, with directions to enter judgment in accordance with this opinion.